UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 13-CV-24147-MGC

MARILYN VANDERHAM and
CASPER VANDERHAM, her husband

    Plaintiffs,

v.

KERZNER INTERNATIONAL BAHAMAS
LIMITED, a Bahamian company; KERZNER
INTERNATIONAL LIMITED, a Bahamian
company; ISLAND HOTEL COMPANY
LIMITED, a Bahamian company; and PARADISE
ISLAND LIMITED, a Bahamian company,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, and Paradise Island Limited (collectively "Defendants"), hereby file this Motion to Dismiss the Complaint filed by Plaintiffs, Marilyn Vanderham and Casper Vanderham (DE 1). In support, the Defendants state as follows:[1]

## I.      Introduction

The Complaint alleges Marilyn Vanderham suffered personal injuries when she slipped and fell in the pool area at the Atlantis Resort on Paradise Island, Bahamas. Despite conceding there was a sign warning the area was slippery when wet, Marilyn Vanderham claims the Defendants were negligent. Her husband Casper Vanderham has asserted a loss of consortium claim. The Complaint should be dismissed under the doctrine of *forum non conveniens* because Plaintiffs were guests at Atlantis Resort in The Bahamas at the time of the alleged incident and are subject to a contractual agreement that any claims arising from their stay in The Bahamas would be brought, if at all, exclusively before a court located in The Bahamas. Further, The Bahamas is the more convenient and appropriate forum for resolution of this dispute, which has no factual connection to Miami (or Florida).

## MEMORANDUM OF LAW

## II.     Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*

Under the doctrine of *forum non conveniens,* a district court has the inherent power to decline to exercise jurisdiction even when venue is proper. *See Gulf Oil v. Gilbert,* 330 U.S. 501, 506–07 (1947). According to the Eleventh Circuit, to obtain dismissal under the doctrine, "the

---

[1] Plaintiffs' factual allegations in the Complaint regarding operations, corporate structure and the running of the Atlantis Resort are not correct. The factual inaccuracies, however, are not germane to this Motion to Dismiss.

1

moving party must demonstrate that (A) an adequate alternative forum is available, (B) the public and private interest factors weigh in favor of dismissal, and (C) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.,* 251 F.3d 1305, 1310–11 (11th Cir. 2001).

Recently, the U.S. Supreme Court clarified the process for enforcing a valid forum-selection clause involving a foreign forum. According to the Supreme Court, dismissing a complaint pursuant to a valid forum selection clause must be done through a **modified** *forum non conveniens* analysis. *Atlantic Marine Const. Co., Inc. v U.S. Dist. Court for the Western Dist. of Texas, et al.,* 134 S. Ct. 568 (2013). The presence of a valid forum-selection clause requires district courts to adjust their usual *forum non conveniens* analysis in three ways.

First, "the plaintiff's choice of forum merits no weight." *See id*. at 581-82. According to the Supreme Court, where as here, a plaintiff initially agrees by contract to file the lawsuit only in a specified forum, "the plaintiff has effectively exercised its 'venue privileges' before a dispute arises. Only that initial choice deserves deference …." *See id*. Thus, in the instant case, deference is given to The Bahamas as the selected forum for resolution of this dispute - not Florida as now requested in the lawsuit.

Second, unlike the traditional *forum non conveniens* analysis, the district court "should not consider arguments about the parties private interests." *See id*. at 582. According to the Supreme Court, when a plaintiff agrees to a forum-selection clause,

> they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. **A [district] court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum**. As we have explained in a different, but instructive context, whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contract.

2

*See id*. (internal citations and quotations omitted) (emphasis added). Instead, the district court should look solely to the public interest factors, which "include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *See id.* The preselected forum in this litigation is The Bahamas.

Third, when a party bound by a forum-selection clause "flouts its contractual obligation and files suit in a different forum," the plaintiff's chosen venue's choice-of-law rules will not apply. *See id.* Thus, the valid contract at issue calls for application of Bahamian law to this dispute and under the Supreme Court's revised analysis proscribed by *Atlantic Marine*, no Florida choice of law analysis is required or applicable.  In fact, the Supreme Court in *Atlantic Marine* made clear that "a valid forum selection clause [should be] given controlling weight and all but the most exceptional cases." *Atlantic Marine*, 134 S. Ct. at 581 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

A. **Plaintiffs are bound by a written agreement containing a valid forum selection clause requiring this dispute be heard exclusively in The Bahamas**

Plaintiffs were casino guests. After they made their reservations, a reservation confirmation was sent to their email address – casperv97@fuse.net – on January 4, 2013. *See* Reservation Confirmation attached as Exhibit 1; *see also* Declaration of Jack Edelman attached as Exhibit 2. Two additional email confirmations were sent to Plaintiffs on January 7 and January 11, 2013. *See* Declaration of Janevi Ramaji attached as Exhibit 3. The second page of the confirmation is significant because it contains a section titled Terms and Conditions. Included in that section is a link advising Plaintiffs to "View our other terms and conditions at http://www.atlantis.com/reservations/TermsAndConditions.aspx". *See* Exhibit 1, at p. 2, Terms and Conditions. The Terms and Conditions at

3

http://www.atlantis.com/reservations/TermsAndConditions.aspx include advance notification that any dispute between the guest and the hotel or any affiliated company must be litigated exclusively in The Bahamas and notifying guests that upon arrival at Atlantis Resort they would be required to sign a Registration Card that included this Bahamian forum selection clause:

> **ATLANTIS REGISTRATION:** During guest registration at Atlantis, Paradise Island you will be asked to sign a form agreeing to the following terms related to any claims you may have as a result of your stay at the resort: "I agree that any claim I may have against Kerzner International Holdings Limited, Kerzner International Limited, Kerzner International Bahamas Limited, Atlantis Holdings (Bahamas) Limited, Ocean Club Holdings Limited, Paradise Island Holdings Limited, Paradise Island Limited, Island Hotel Company Limited, and Paradise Enterprises Limited, Harborside at Atlantis Development Limited and Harborside at Atlantis Management Limited, along with their parent, related and affiliated companies at every tier, and the officers, directors, employees, agents, representatives, successors and assigns of each of the foregoing entities resulting from any events occurring in The Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever. The foregoing shall apply to all persons accompanying me, and I represent that I have the authority to sign this document on their behalf.

*See* Terms and Conditions, attached as Exhibit 4 (emphasis in original). Upon arriving and checking in at the Atlantis Resort on January 19, 2013, Plaintiff signed a written agreement entitled "Acknowledgment, Agreement and Release" ("Acknowledgment") that reads, in pertinent part:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever. . . .

*See* Registration Card, attached as Exhibit 5. Plaintiffs filed the instant lawsuit in Florida in direct violation of the Terms and Conditions wherein they agreed that all disputes against Atlantis or any affiliated company must be litigated exclusively in The Bahamas.

4

Here, the forum selection clause is enforceable. First, under federal law forum selection clauses are presumed to be valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285 (11th Cir. 1998). Enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or over-reaching." *Bremen*, 407 U.S. at 15; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988). A forum-selection clause is unreasonable only if it is obtained by fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to actually deprive that party of a meaningful day in Court. *Bremen*, 407 U.S. at 12–18. The party seeking to avoid the forum-selection clause "bear[s] a heavy burden of proof." *Id*. at 17.

Second, a forum selection clause is binding on a plaintiff when received by email. *See Miyoung Son v. Kerzner Int'l Resorts, Inc., et al.*, 2008 WL 4186979, *5 (S.D. Fla. Sept. 5, 2008) (ruling that forum selection clause was enforceable because the Kerzner Defendants sent plaintiffs emails containing the forum selection clause shortly after the trip was booked); *see also Kohanim v. Kerzner Int'l Hotels Ltd.*, Case No.: CV 10-4792, at *4 CAS (JEMx) (C.D. Cal. Jan. 5, 2011) (ruling that the terms of a contract are enforceable when notice of those terms are emailed to an address given by the plaintiff or their booking representative when reservations are made – even if the email address turns out to be wrong and is not the address of Plaintiff) (Order attached hereto as Exhibit 6).

Third, other courts – including the Eleventh Circuit – have ruled that the forum selection clause used by Atlantis Resort (and which is involved here) is enforceable. For example, in *Krenkel v. Kerzner Int'l Hotels Ltd., et al.* 579 F.3d 1279 (11th Cir. 2009), the Eleventh Circuit upheld the enforcement of a personal injury case by a New Jersey Plaintiff against the Kerzner

5

defendants on the grounds that the forum selection clause at issue in that case was valid and enforceable. Notably, the forum selection clause was identical to that herein. The court reasoned that the clause was reasonably communicated to the plaintiffs, was neither hidden nor ambiguous, in plain language, and Plaintiffs were not induced to sign by means of fraud or overreaching. *Krenkel,* 579 F.3d at 1281. Moreover, the court found that plaintiffs had not "demonstrated inconvenience or unfairness, that [The Bahamas] would deprive them of a remedy or that enforcement…would deprive them of a remedy. *Id.* 579 F.3d at 1282; *see also Miyoung Son*, 2008 WL 4186979 (Judge Marra ruling the forum selection clause (similar to the one at issue herein) was enforceable); *Giordano v. Sun Int'l North America, Inc.*, No. 98-7456-CIV-DIMITROULEAS, (S.D. Fla. Sept. 30, 1999) (Judge Dimitrouleas ruling the forum selection clause was enforceable); [2] *Sabino v. Kerzner International Bahamas Limited*, *et al.*, 12-cv-22725 McAliley (S.D. Fla. Jan. 10, 2014). *Sabino* involved the same Kerzner Defendants sued in this lawsuit. The court in *Sabino* determined:

> Plaintiff's daughter again received access to the Terms and Conditions, with the email confirmation of her reservation, which included a link to the Terms and Conditions. Notice was again given when Plaintiff and her party arrived at the resort, and they were presented with the Acknowledgements that included the forum selection clause, which they both signed (again, each representing that they were authorized to sign on behalf of the person accompanying them).

*See id*. at *10 (also quoting *Myhra v. Royal Caribbean Cruises, Inc.*, 695 F.3d 1233, 1246 n. 42 (11th Cir. 2012) (whether Plaintiff "chose to avail themselves of the notice and to read the terms and conditions is not relevant to the reasonable communicativeness inquiry"); *Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) ("The Plaintiffs admitted failure to read the Participation Agreement does not excuse compliance with its terms")).

---

[2] *Giordano* involved an alleged personal injury at Atlantis Resort.

6

Under the facts and circumstances of this case, enforcement of the forum selection clause would be neither unfair nor unreasonable. Indeed, the facts and circumstances underlying the instant action mandate enforcement of the Bahamian forum selection clause for an alleged incident that occurred at a Bahamian resort.

### B. The Bahamas, where this alleged incident occurred, is an adequate alternative forum

The next step is to determine "whether an adequate alternative forum exists .…" *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). This inquiry has two parts – both the *availability* and the *adequacy* of the proposed alternative forum. *Leon*, 251 F.3d at 1311. <u>Both parts of the inquiry are satisfied here</u>. First, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum. *See e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1981); *La Seguridad*, 707 F.2d at 1305 n.1. In this lawsuit the Defendants are Bahamian corporations. *See* Complaint, at ¶¶ 3-16. As Bahamian corporations they are amenable to service of process in The Bahamas. Further, Defendants hereby consent to jurisdiction in The Bahamas. Accordingly, Defendants have satisfied the availability inquiry.

Second, an alternative forum will be considered adequate so long as it could provide some relief for the plaintiffs' claims, even if "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Piper Aircraft*, 454 U.S. at 247. Here, the Bahamian legal system is patterned after England's legal system. The Bahamian legal system recognizes negligence actions and vicarious liability for personal injury. *See Morrone v. Sun Intern. Hotels Ltd.*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 (S.D. Fla. Sept. 22, 2006) ("Bahamian law is patterned after English common law and it recognizes actions based on common law negligence"); *Morse v. Sun Intern. Hotels, Ltd.*, 98-7451-CIV, 2001 WL

7

34874967 (S.D. Fla. 2001) *aff'd sub nom. Morse v. Sun Intern. Bahamas, Ltd.*, 277 F.3d 1379 (11th Cir. 2001) ("Bahamian law recognizes actions based on common law negligence and vicarious liability"). Accordingly, The Bahamas is an adequate alternative forum.

Numerous Southern District Courts, have analyzed this issue and ruled that The Bahamas is an adequate alternative forum. *See McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv-20536-Moore, at *5 (S.D. Fla. October 22, 2012) (noting Southern District Courts "consistently" hold that The Bahamas provides an adequate alternative forum); *Horberg v. Kerzner Intern. Hotels Ltd.*, 744 F.Supp.2d 1284, 1290-91 (S.D. Fla. 2007) (ruling "[i]t is undisputed that Defendants are amenable to process in The Bahamas … this Court has no reason to find other than that The Bahamas provides Plaintiff with an adequate alternative forum…."); *Miyoung Son v. Kerzner Intern. Hotels Ltd.*, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008) ("[T]he Court finds that the Supreme Court of The Bahamas is an adequate alternative forum for the instant action"); *Morrone*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 ("[T]he Court finds The Bahamas to be an available and adequate alternative forum …."); *Foster v. Sun Intern. Hotels Ltd.*, 2002 WL 34576251 (S.D. Fla. Feb. 5, 2002) (same); *Morse v. Sun Intern. Hotels, Ltd.*, 98-7451-CIV, 2001 WL 34874967 (S.D. Fla. 2001) (same); *Chierchia v. Treasure Cay Services,* 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) (same). Accordingly, Defendants have satisfied the availability and adequacy inquiry, thus the first part of the *forum non conveniens* analysis has been established. The Bahamas is an adequate alternative forum.

    **C.**    **The public interest factors weigh heavily in favor of dismissal**

Once an adequate alternative forum has been established, under the *Atlantic Marine* holding, courts next must consider only the relevant *public* interest factors to determine whether dismissal is appropriate: "A district court may consider arguments about public-interest only."

8

*See Atlantic Marine,* 134 S. Ct. at 582. Here, the public interest factors weigh heavily in favor of dismissal. Public interest factors are considerations that affect the convenience of the competing forums. *Piper Aircraft*, 454 U.S. at 241. The public interest factors to be considered include: (1) court congestion; (2) the local interest in the controversy; (3) avoidance of unnecessary problems in the application of foreign law; and (4) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *See Gulf Oil Corp.*, 330 U.S. at 508-09.

### 1. This lawsuit lacks any connection to Miami whatsoever and should be dismissed to conserve judicial resources

The first public factor, court congestion, illustrates the impropriety of this forum. The Southern District of Florida has one of the busiest dockets in the country. It makes little sense to use this Court's resources when the lawsuit has no factual connection to Miami. *Thermal Technologies, Inc. v. Dade Services Corp.*, 282 F. Supp. 2d 1373, 1378 (S.D. Fla. 2003); *see also Da Rocha v. Bell Helicopter Textron, Inc.*, 2006 WL 2619880, at *4-5 (S.D. Fla. Sept. 8, 2006) (because of the "administrative difficulties flowing from court congestion … it makes little sense to use the resources and facilities of a busy United States Federal Court to try" cases like this).

In *Horberg v. Kerzner Intern. Hotels Ltd.*, two citizens of Illinois sued the Bahamian Kerzner entities for an accident that allegedly occurred in the Bahamas. The case was dismissed because "[t]he dispute has little or no relation to Florida, and Florida has little or no interest in adjudicating claims under Bahamian law arising out of an incident that occurred in Bahamian waters under circumstances where Plaintiffs voluntarily traveled to The Bahamas." *Horberg,* 744 F.Supp.2d at 1295. Similarly, the instant lawsuit has no connection to Miami. None of the allegations in the Complaint are the result of any activities conducted in Miami or Florida. This dispute is between Plaintiffs and Bahamian corporations regarding the personal injuries allegedly suffered by Marilyn Vanderham when she was using the pool area at the Atlantis Resort on

9

Paradise Island, Bahamas. It makes no sense to use the limited time and resources of this Court to adjudicate this case in Miami. This factor clearly favors The Bahamas.

### 2. There is no local interest in the controversy

This is simply a dispute between a non Miami resident who had the time and financial resources to travel to one of the premier resorts in The Bahamas, who flew to the Bahamas to gamble at the casino, and who has now sued various Bahamian companies for an alleged slip and fall incident that occurred in The Bahamas. Simply stated, there is absolutely NO local interest in the controversy.

The interests of Miami or even the United States pales in comparison to the interests of The Bahamas in resolving a dispute regarding an accident that occurred at Atlantis Resort in The Bahamas. Tourism is the largest industry in The Bahamas and the Atlantis is The Bahamas largest resort. *See Foster*, 2002 WL 34576251, at *3 (The "*Bahamas has a very strong interest in this litigation. The tourism industry is vital to The Bahamas, and The Bahamas has an interest in regulating the conduct of Bahamian defendants and they duty under Bahamian law they owe visitors to the Atlantis Resort – the largest resort on the islands*") (emphasis added); *Horberg*, 744 F.Supp.2d at 1295-96 ("[T]he Court finds, for obvious reasons, that The Bahamas has a much stronger local interest in deciding this action. Defendants are Bahamian entities, and the alleged accident occurred off the waters of The Bahamas. The case involves a prominent Bahamian resort, and tourism is the largest industry in The Bahamas. The Bahamas has a vital interest in regulating the standards of conduct of the Bahamian Defendants."); *McGinn*, Case No.: 12-cv-20536-Moore, at *5 (same); *Kawasaki Motors Corp. v. Foster*, 899 So. 2d 408, 412 (Fla. 3d DCA 2005) (ruling that public interest would be served by transferring jurisdiction to Jamaica since Jamaica has a significant interest in punishing a wrongdoer within its jurisdiction

and ensuring the safety of those who visit its resorts).

The entire claim arises out of a slip and fall incident that allegedly occurred on Atlantis Resort property to an individual who voluntarily chose to travel there to gamble at the casino. The Bahamas has a preeminent interest in both protecting the rights of tourists and in determining the standards of construction, standards of resort employee conduct, and the scope of liability for Bahamian companies based on incidents that occur in The Bahamas. Policy concerns of a foreign nation are entitled to no less consideration than those of Florida or the U.S. in a *forum non conveniens* analysis.

### 3. Bahamian law will govern this dispute

Plaintiffs contractually agreed to be bound by the Terms and Conditions applicable to their stay at Atlantis. Further, in the form Plaintiffs signed upon arrival at Atlantis they agreed that Bahamian law would apply to their claims. *See* Exhibit 5; *see also Horberg,* 744 F.Supp.2d at 1296 ("Bahamian law will undisputably apply in this action, and the Court finds that this factor weighs in favor of dismissal"). In addition, *Atlantic Marine* mandates that Florida's choice-of-law rules will not apply, and therefore Bahamian law will apply to this dispute.[3] This is yet another reason why this case should be brought in The Bahamas and not in a Florida court.

---

[3] Even if Florida's choice of law analysis applied, the result would be the same and Bahamian law would control this dispute. Florida has adopted the "significant relationship test" of the Restatement (Second) of Conflicts of Law ("Restatement") which, if this lawsuit is not dismissed, would require this Court to determine controversies in accordance with the law of the jurisdiction with the "most significant relationship to the occurrence and the parties." *See Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980). The factors that must be considered in determining which law has the most significant relationship are: (1) the place where the injury occurred, (2) the place where the conduct occurred which caused the injury, (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Id*. citing Restatement § 145. For personal injury cases, such as here, Section 146 of the Restatement provides that the laws of the region where the injury occurred normally determine the rights and liabilities of the parties. *See id.* at 1001.

11

     **4.**     **Since this dispute has no connection to Miami, jury duty should not be imposed on the citizens of Miami**

Plaintiffs have demanded a jury trial. Given the total lack of any Miami interest in this case, imposing jury duty on the residents of Miami is a significant factor in this lawsuit. In addressing this issue, one Court in this Circuit stated that:

> Scores of citizens from this community would be inconvenienced by being called to serve as jurors in cases involving parties and events having no connection to this forum. The burden of imposing jury duty on citizens to decide a case with no connection to the forum is a significant factor in performing a *forum non conveniens* analysis.

*See Pyroectos Orchimex de Costa Rica, S.A. v. E.I. Dupont de Nemours & Co.*, 896 F. Supp. 1197, 1203 (M.D. Fla. 1985) (citations omitted); *Horberg,* 744 F.Supp.2d at 1295 ("Compelling local jurors to sit on a trial to resolve this case that has no connection to this community would impose an unfair burden") (citing *Chierchia v. Treasure Cay Servs.*, 738 F.Supp. 1368, 1388 (S.D. Fla. 1990); *Proyectos Orchimex*, 896 F.Supp. at 1203.)).

     **5.**     **Southern District of Florida courts have dismissed negligence claims against Atlantis Resort and its affiliated companies based upon the doctrine of *forum non conveniens***

In *Sabino v. Kerzner International Bahamas Limited*, *et al.*, 12-cv-22725 McAliley (S.D. Fla. Jan. 10, 2014), the court dismissed pursuant to the forum selection clause using the modified *forum non conveniens* analysis in *Atlantic Marine*.

In *McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv-20536-Moore (S.D. Fla. October 22, 2012), Judge Moore dismissed a personal injury case on *forum non convenien* grounds. *McGinn* involved New Jersey residents. Judge Moore ruled that "The Bahamas has a stronger sovereign interest in regulating its citizens' conduct that occurs entirely within its territory …." (noting that "The Bahamas has an inherent local interest in this lawsuit because tourism is the single largest industry in The Bahamas and the Atlantis is the largest hotel and

12

single largest employer in The Bahamas").

In *Morrone v. Sun Int'l Hotels, Ltd.*, Case No. 05-61600-CIV-Seitz/McAliley (S.D. Fla. Sept. 25, 2005), Judge Seitz dismissed a personal injury case on *forum non conveniens* grounds. The incident purportedly occurred at the Atlantis Resort. *Morrone* involved a New Jersey resident who filed a lawsuit alleging similar defendants were negligent in their control of the hotel premises. In analyzing whether to dismiss the case on *forum non conveniens* grounds, Judge Seitz ruled that the private and public factors weighed heavily in favor of a trial in The Bahamas.

Similarly, in *Foster v. Sun Int'l Hotels, Ltd.*, 2002 WL 34576251 (S.D. Fla. 2002), Judge King dismissed a personal injury case on *forum non conveniens* grounds. In *Foster*, a California resident alleged he suffered personal injury when he slipped and fell on a walkway at the Atlantis Resort. Judge King ruled that The Bahamas was an adequate alternative forum and the private and public factors weighed heavily in favor of trial in The Bahamas.

In *Morse v. Sun Int'l Hotels, Ltd.*, 2001 WL 34874967 (S.D. Fla. 2001), Judge Jordan dismissed a personal injury claim on *forum non conveniens* grounds. *Morse* involved a Florida resident who claimed she was injured in a boating accident while vacationing in The Bahamas. She sued the owners and operators of the Atlantis Resort for negligence. Judge Jordan ruled that The Bahamas was an adequate alternative forum. He concluded that the private and public factors weighed heavily in favor of trial in The Bahamas. Significantly, <u>*Morse* was affirmed by the Eleventh Circuit</u>. *See* 277 F.3d 1379 (11th Cir. 2001).

In *Bell v. Kerzner Int'l Resorts, Inc.*, Case No. 10-23755-PAS (S.D. Fla. July 14 2011), Judge Seitz dismissed a California plaintiff's wrongful death action in favor of re-filing in The Bahamas. Judge Seitz ruled that the public and private factors tipped in favor of The Bahamas.

13

In *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, 2008 WL 41869779 (S.D. Fla. 2008), Judge Marra dismissed negligence and loss of consortium claims on *forum non conveniens* grounds. Judge Marra ruled that The Bahamas was an adequate alternate forum and that the private and public interest factors weighed against the plaintiff's selection of the Southern District of Florida.

In *Horberg v. Kerzner Int'l Resorts, Inc.*, 744 F.Supp.2d 1284 (S.D. Fla. 2007), Judge Ungaro dismissed the claims of two Illinois residents that arose out of an alleged jet ski accident occurring in the waters off the Atlantis Resort. Judge Ungaro also determined that The Bahamas was an adequate alternate forum and that the private and public interest factors weighed in favor of dismissal.

In *Giordano v. Sun Int'l North Am. Inc.*, 98-cv-07456-WPD (S.D. Fla. Oct. 1, 1999), Judge Dimitrouleas dismissed on *forum non conveniens* grounds, ruling that The Bahamas was an adequate alternate forum. Judge Dimitrouleas also ruled that the private and public interest factors favored trial in The Bahamas. *See also Chierchia v. Treasure Cay Svc.*, 738 F. Supp. 1386 (S.D. Fla. 1990) (dismissing a claim to recover for personal injuries allegedly incurred in a boating accident in The Bahamas on *forum non conveniens* grounds).[4]

Moreover, in Eleventh Circuit cases where courts previously denied dismissal on *forum non conveniens* grounds, the denial exclusively or largely based upon on the deference to the

---

[4] Other courts have also dismissed negligence claims involving the Atlantis Resort on *forum non conveniens* grounds. For example, in *Dangler v. Atlantis Resort & Casino et al.*, Case No. CIV S-01-1228 WBS DAD (E.D. Cal. Aug. 1, 2002), the Eastern District of California dismissed a personal injury claim arising from an alleged slip and fall at the resort. The court dismissed the lawsuit ruling that The Bahamas was an adequate alternative forum and that the private and public factors weighed in favor of dismissal. The court also found that Bahamian courts have an interest in litigating matters occurring on Bahamian soil, which far exceeded California's interest in the lawsuit.

plaintiff's choice of venue in Florida. *See e.g. SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F. 3d 1097, 1102 (11th Cir. 2004). Now that the Supreme Court in *Atlantic Marine* has ruled that no deference is to be afforded to a plaintiff's choice of venue (and in fact deference should instead be given to the original contractual forum selection of The Bahamas), all of the cases which previously denied *forum non conveniens* dismissal are inapposite. *See Atlantic Marine*, 134 S. Ct. at 581-82.

For all of the reasons discussed above, the public interest factors weigh heavily in favor of dismissal. And as noted above, under the new *Atlantic Marine* mandated analysis the private interest factors are not to be considered.

        **D.    Plaintiffs can reinstate their lawsuit in The Bahamas without undue inconvenience or prejudice**

Once the Court determines that the balance of interests favors the alternative forum, then it must "ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." *La Seguridad*, 707 F.2d at 1307. Under the circumstances here, it would not be inconvenient for Plaintiff to travel to The Bahamas. They had the time and financial resources to travel to one of the premier resorts in The Bahamas to gamble at the casino. Plaintiff will not suffer any undue prejudice if they re-file his action in The Bahamas. Indeed, the Defendants are Bahamian corporations subject to jurisdiction in The Bahamas. <u>Defendants will accept service of suit for any lawsuit filed relating to this matter in The Bahamas</u>. Further, in the event the statute of limitations for negligence claims involving personal injury has run in the Bahamas, <u>Defendants agree to waive that defense if Plaintiff re-files his lawsuit in The Bahamas within six months after dismissal of this action</u>. *See Horberg,* 744 F.Supp.2d at 1296-97 ("The Court agrees that it would be no more inconvenient for Plaintiffs and their witnesses to travel to The Bahamas than it would be to travel to Florida.

15

Plaintiffs will not be unduly inconvenienced, nor will they be unduly prejudiced, as Defendants are both subject to the jurisdiction of Bahamian courts and…The Court also notes that Defendants agree to waive any statute of limitations defense").

For the reasons discussed herein, the Defendants have met their burden for a *forum non conveniens* dismissal and Plaintiff's Complaint should be dismissed accordingly.

### III. Conclusion

For the reasons discussed above, this lawsuit should be dismissed. The claims in the Complaint are subject to a valid forum selection clause. Thus, under the *forum non conveniens* analysis articulated in *Atlantic Marine*, the case should be dismissed because the public factors all point to The Bahamas as the appropriate forum and the Plaintiffs can re-file their lawsuit in The Bahamas without undue inconvenience or prejudice. Accordingly, Defendants respectfully request the Court grant this Motion and dismiss the lawsuit in its entirety.

Dated: April 14, 2014
       Miami, Florida

Respectfully submitted,

MALTZMAN & PARTNERS, P.A.

BY:   /s/ Steve Holman_____
       Jeffrey B. Maltzman, Esq.
       Florida Bar No. 0048860
       jeffreym@maltzmanpartners.com
       Steve Holman, Esq.
       Florida Bar No. 547840
       steveh@maltzmanpartners.com
       Rafaela P. Castells, Esq.
       rafaelac@maltzmanpartners.com
       55 Miracle Mile, Suite 320
       Coral Gables, FL 33134
       Tel: 305-779-5665 / Fax: 305-779-5664
       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 14th day of April, 2014. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ Steve Holman\_\_\_
Steve Holman, Esq.

## SERVICE LIST

### CASE NO.: 13-CV-24053 MARTINEZ-MCALILEY

| | |
|---|---|
| James A. Schwartz, Esq.<br>jimschwartzlaw@verizon.net<br>The Law Office of James Schwartz<br>235 N. Garden Dr.<br>Clearwater, FL 33755<br>Phone: 727-441-3334<br><br>Robert L. Parks, Esq.<br>bob@rlplegal.com<br>Gabriel A. Garay<br>gabe@rlplegal.com<br>Law Offices of Robert L. Parks<br>799 Brickell Plaza, Suite 900<br>Miami, FL 33131<br>Phone: 305-445-4430<br>Fax: 305-445-4431<br>*Attorneys for Plaintiffs* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Rafaela P. Castells, Esq.<br>rafaelac@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 320<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendants* |