UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  13-24147-(COOKE)

MARILYN VANDERHAM and
CASPER VANDERHAM, her husband,
      Plaintiffs,

v.

KERZNER INTERNATIONAL BAHAMAS
LIMITED, a Bahamian Company; KERZNER
INTERNATIONAL LIMITED, a Bahamian
Company; ISLAND HOTEL COMPANY
LIMITED, a Bahamian Company; and PARADISE
ISLAND LIMITED, a Bahamian Company,

      Defendants.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, Marilyn Vanderham and Casper Vanderham, her husband, pursuant to Local Rule 7.1, file this Response in Opposition to Defendants' Motion to Dismiss and further state :

1.  On April 14, 2014, Kerzner Defendants[1] filed a Motion to Dismiss [D.E. 12] on *forum non conveniens* grounds.  The crux of Kerzner Defendants' motion is that a valid forum selection clause contained on a guest registration card precludes suit in the United States and therefore, the Court should engage in and apply a modified *forum non conveniens* analysis as espoused in *Atlantic Marine Const. Co., Inc v. U.S. Dist. Court for the Western District of Texas, et. al.*, 134 S. Ct. 568 (2013).

2.  The modified *Atlantic Marine fnc* analysis, if applicable, changes the analysis the Court must undertake in three significant ways.  First, a plaintiff's choice of forum no longer

---

[1] Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, and Paradise Island Limited.

merits weight.  Second, the court is no longer required to balance private interest factors. Third, choice of law is the law of the foreign forum.  However, in this case, the forum selection clause at issue is unenforceable and therefore, Kerzner Defendants' motion to dismiss fails at the outset.

3.  *Atlantic Marine*, as discussed more fully below is inapplicable and distinguishable on its facts.

4.  The forum selection clause at issue was obtained through fraud and overreaching for two reasons: 1) the Atlantis' written policies allows guests to delete the forum selection clause but that fact was never conveyed to the Vanderhams; and 2) the contents of the forum selection clause were not communicated to the Vanderhams with sufficient time to allow them to consider its terms and reject them with impunity.

5.  In this case, Kerzner Defendants have not shown, nor could they, that Mr. and Mrs. Vanderham were meaningfully informed of the forum selection clause prior to their arrival.  At no time did any resort employees indicate to Mr. and Mrs. Vanderham that they would sign a guest registration card that effectively strips them of their right to seek redress for injuries suffered on Atlantis property.  The Atlantis has a written policy that allows guests to delete portions of the guest registration card that they do not agree with, however, Atlantis employees do not inform guests that they have the right to do this. This is fraud and overreaching.  For these reasons and as argued below, Defendants' motion to dismiss is due to be denied.

<u>**MEMORANDUM OF LAW AND ARGUMENT**</u>

**I. THE FORUM SELECTION CLAUSE WAS OBTAINED THROUGH FRAUD AND OVERREACHING**

<u>**A. Failure to Inform Guests That They Have The Right To Delete Portions Of The Guest Registration Card is Fraud and Overreaching**</u>

Kerzner Defendants' policy concerning the forum selection clause allows guests to delete portions of the guest registration card that they dispute or disagree with.  See Registration Card Acknowledgment and Release Policy. (Exhibit 1)  The Vanderhams were never informed of the right to make deletions, nor was the guest registration card explained to them.  See Aff. M. Vanderham, C. Vanderham. (Exhibit 2) and (Exhibit 3).

Kerzner Defendants have made no showing, nor could they, that this important resort policy was conveyed to the Vanderhams.  It is fraud and overreaching to have a written policy that allows guests to delete portions of the guest registration card without informing them, thereby inducing them to sign it.  In this case there is no evidence that the Vanderhams were aware of Atlantis' guest registration policy.  There is no evidence that the resort employee who checked the Vanderhams into the resort informed either of them that they could delete portions of the guest registration card.  To the contrary, the Vanderhams have provided affidavits that, in the absence of evidence to the contrary, conclusively establish that they were never informed of this policy.  See Aff. M. Vanderham and C. Vanderham (Exhibits 2 & 3)  The resort violated its own policy and obtained Mr. Vanderham's signature through fraud and overreaching.  Signing the guest registration card objectively appears to be a mandatory part of the check-in procedures. Failure to inform the guests that they are not obligated to agree to all of it, nor explaining its contents is overreaching.

**B. The Forum Selection Clause Was Not Reasonably Communicated to The Vanderhams**

It is well settled that "[i]n determining whether there was fraud or overreaching in a ***non-negotiated forum-selection clause***, we look to whether the clause was reasonably communicated to the consumer." [emphasis added]  *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)[2]  See also, *Tuite v. Kerzner Int'l Bahamas, Ltd., et. al.,* Case No. 11-24359 (COOKE). (Exhibit 4)

In *Tuite,* this Court denied a motion to dismiss finding that the Tuites had not been meaningfully informed of the forum selection clause.  This Court, in *Tuite,* held: "I find the reasoning from these cases persuasive and conclude that Plaintiffs were not provided notice to reject the forum selection clause with impunity." See *Tuite* Order [D.E. 53] at p. 9. (Exhibit 4) See also, *Sun Trust Bank v. Sun Int'l Hotels Ltd.,* 184 F. Supp. 2d 1246 (S.D. Fla. 2001); *Larsen v. Kerzner Int'l Hotels, Ltd.*, No. 08-22031, 2009 WL 1759585 (S.D. Fla. June 19, 2009); *Foster v. Sun Int'l Hotels, Ltd.*, No. 01-01290, 2002 WL 34576251 (S.D. Fla. June 19, 2009); and *Massa v. Kerzner Int'l Ltd.*, CASE NO: 11-60232-CIV-WPD.

The facts of this case are nearly identical to the *Tuite* case.  In the instant case, there is no question that the clause was presented to Mr. Vanderham for the first time at check-in and never presented to Mrs. Vanderham at all.  Plaintiffs deposed Jack Edelman, who assisted Mrs. Vanderham with her telephone reservation.  He testified as follows regarding the reservation confirmation email [D.E. 12-2]:

*Q: If there is anything in there* [the email D.E. 12-1] *to indicate to Marilyn Vanderham that she       would not be able to sue here in the United States for anything that happened to her in  the Bahamas.*

---

[2] Unlike the *Krenkel* case, the Vanderhams had never been guests of the Atlantis and had never signed a similar form in the past.

4

*A: Briefly looking over this, I don't see that information on here.*

*Q: Here, on the second page -- on the last page of Exhibit 1, which is the second page of the email, there's a heading called Terms and Conditions. And you have a couple bullets here with some various terms and conditions; is that correct?*

*A: Correct.*

*Q: There is nothing in the bullet points here on the face of this e0mail that says, Ms. Vanderham, you're not going to be able to sue us in the United States, is there?*

*A: No.*

See Dep. J. Edelman, p. 8, ll. 3-19 (Exhibit 5)  See also, Dep. R. Neily, p. 77, ll. 22-25, p. 78, ll. 1-12 (Exhibit 6) (admitting that the forum selection clause does not appear in Terms and Conditions on the face of the confirmation email.)[3]

In *Massa*, Judge Dimitrouleas denied Kerzner Defendants' Motion to Dismiss on the basis that the Plaintiffs were not meaningfully informed of the forum selection clause. In *Massa*, a friend of the decedent received a confirmation email which was allegedly forwarded to the decedent.  The Court, describing the very same confirmation emails at issue in this case found that "[t]he Email itself does not contain the language of the forum selection clause or even provide any notice that there is a forum selection clause provision in the guest registration card. Rather, at the bottom of the forwarded Email there is a section containing approximately half-dozen hyperlinks, one of which says 'Click here to view our Terms and Conditions.'" See *Massa* Order [D.E. 29] at p. 10 (Exhibit 4)

The Court continues:  "There is nothing in the forwarded Email to meaningfully put someone on notice to click on that hyperlink to learn about valuable rights he would be required

---

[3] See also, Dep. J. Ramaji, p. 16, ll. 14-23 (Exhibit 7).  Ms. Ramaji admits that Kerzner has no way of knowing if the Vanderhams clicked on the email link for Terms and Conditions.

to forfeit by staying at the hotel.  See *Massa* Order Case No. 11-60232 (DIMITROULEAS) at p. 10. (Exhibit 4)

In *Sun Trust Bank*, the plaintiff was presented with the forum selection clause for the first time when she checked into the resort with her two children.  It was undisputed that she was not told when she made her reservations that she would be required to sign the clause.  The clause was presented in a manner that made it objectively appear to be a required part of the check-in process, with the guest told to read and sign.  "The extrinsic circumstances indicating the plaintiff's ability to become meaningfully informed and to reject the contractual terms at stake are equally important in determining enforceability"  *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1261 (S.D. Fla. 2001)  The court in *Sun Trust* continues: " A forum-selection clause is not fundamentally fair if it is shown that the resisting party was not free to reject it with impunity.  *Id.*  In the instant case, there is no evidence that the Vanderhams were meaningfully informed of the contents of the "Terms and Conditions" nor did they have a duty to search the Internet to discover the forum selection clause.  See *Tuite v. Kerzner Int'l Ltd.,* Case No. 11-24359 [D.E. 53] at p. 9.

Presenting the forum selection clause for the first time at check-in is not reasonable and thus the forum selection clause at issue is unenforceable.  Because the forum selection clause is unenforceable, Defendants' motion fails at the outset and should be denied.

Kerzner Defendants rely on *Miyoung Son*, and *Krenkel*.  See Def. M. Dismiss [D.E. 12] at p. 7.  However, *Miyoung Son* and *Krenkel* are unavailing because the plaintiffs in those cases had previously visited the Atlantis and therefore had some notice of the guest registration.  Mr. and Mrs. Vanderham had never visited the Atlantis prior to this trip.  See Aff. M. Vanderham. (Exhibit 2)  Further, *Kohanim* is unavailing because it is a case out of the Middle District of

California and does not contemplate the "reasonable communicativeness" prong espoused in *Sun Trust* and subsequent cases in this Circuit.  Finally Kerzner Defendants cite to *Sabino*.  See Def. M. Dismiss [D.E. 12] at 7.  *Sabino* is currently briefed for reconsideration and the court in that case has yet to enter an order dismissing the case since the issues for reconsideration were briefed.  In *Sabino,* should the court dismiss it, Plaintiffs are prepared to appeal since the facts are uncontested that Mrs. Sabino received no notice and all notice is being imputed on her through her daughter who booked the trip.  In short, none of the cases cited in support of Defendants' motion are availing.

Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss on the basis that the forum selection clause is unenforceable because it was obtained through fraud and overreaching.

## II.  *ATLANTIC MARINE* IS INAPPLICABLE AND DISTINGUISHABLE

The modified *fnc* analysis prescribed by *Atlantic Marine*, presupposes a valid forum selection clause.  *Atlantic Marine Const. Co., Inc v. U.S. Dist. Court for the Western District of Texas, et. al.*, 134 S. Ct. 568, 581 (2013) ("Our analysis presupposes a *contractually* valid forum-selection clause") [emphasis added]    As argued above, the forum selection clause is unenforceable and therefore, *Atlantic Marine* is inapplicable.

Additionally, *Atlantic Marine* is inapplicable to this case and intended to be more narrow in its scope than Kerzner Defendants argue.  The *Atlantic Marine* case does not go as far as to hold that for all cases where a forum selection clause is found to be valid the traditional *fnc* analysis no longer applies.  The relevant holding in *Atlantic Marine* is as follows:

"For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in

federal courts.'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) (citations omitted)  The Court continues:  "[C]ourts *should* evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum selection clause pointing to a federal forum." *Id.* (emphasis added) (citations omitted)  The Supreme Court's ruling is narrow and does not mean that this Court *must* evaluate every single case where a forum selection clause is invoked with a modified *fnc* analysis.  Further, if *Atlantic Marine* stood for that proposition that district courts *must* in all cases, not just contract cases such as *Atlantic Marine,* use a modified *fnc* analysis rather than the traditional balancing, the Supreme Court would have explicitly held as such.  Instead the Court in footnote 8, states:  "Such caution is not warranted, however, when the plaintiff has violated **a contractual obligation** by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 (2013)  The forum selection clause in this case was non-negotiated. The Supreme Court in *Atlantic Marine* contemplated a *negotiated* forum selection clause.  The Vanderhams simply purchased a vacation over the telephone and were sent a confirmation email with what Defendants purport is a hyperlink to the terms and conditions which contain the forum selection clause at issue.

In *Atlantic Marine* the parties were sophisticated business entities.  The parties to *Atlantic Marine* enjoyed the benefit of legal counsel and experience in negotiating contracts.  Unlike the Vanderhams, these companies engage in legal wrangling in the course of their businesses whereas the Vanderhams were simply consumers booking a vacation on the phone.  *Atlantic Marine* is, at its heart, a contracts case.  It contemplates two companies with **equal** bargaining power and leaves open the possibility that either of the companies or both knew about the forum

selection clause prior to entering into the contract at issue. *Atlantic Marine* is not a consumer case.

To apply *Atlantic Marine*, this Court would have to find the circumstances under which the Vanderhams booked their vacation analogous to two sophisticated companies engaging in negotiations, at arm's length, for a large construction project. See, *Stewart v. Am. Van Lines*, 4:12CV394, 2014 WL 243509 (E.D. Tex. 2014) ("The Court notes that *Atlantic Marine* dealt with two businesses which can deal at arm's length. **Such is not the case in this consumer setting**.") [emphasis added]    In a business context it is not difficult to imagine two companies such as Atlantic Marine and J-Crew Mgmt. employing their officers or legal counsel to review contracts well before they enter into them. Here, the Vanderhams had no such benefit and as such, *Atlantic Marine* is distinguishable and inapplicable. Finally, if the forum selection clause at issue in this case was a material term, it would have been included in the confirmation email along with other terms of their stay. Kerzner Defendants would also have allowed the Vanderhams to consider and reject the terms related to forum selection in the body of the email rather than burying it on the third and fourth pages of the "Terms and Conditions". See Exhibit 3 Def. M. Dismiss [D.E. 12-4] at pp. 4-5.

It is inherently unfair to allow Kerzner Defendants to enjoy all the benefits of maintaining an office in the United States, to market their resort in the United States, and sell reservations to Americans in the United States while simultaneously allowing them to use the Courts of the United States to bind unwitting and unsophisticated parties, such as the Vanderhams, to the law of a foreign country; in the process ousting a citizen of the United States from the Courts of the United States. In *Atlantic Marine*, the companies were dismissed to a substitute forum *within* the United States. The question in *Atlantic Marine* was one of transferring venue not dismissal.

Here, dismissal would effectively act as an adjudication on the merits.

As argued above, business deals, the likes of which were the subject of *Atlantic Marine*, have the benefit of being overseen by lawyers and sophisticated business persons.  To equate such a scenario with Mrs. Vanderham booking a vacation over the phone is unconscionable.  The Vanderhams did not have the benefit of a legal team and weeks of review before signing the guest registration form.  Defendants would have this Court not only impute notice but bind them to the law of a foreign sovereign.  Such a result is inconsistent with notions of fairness.

## III.  *FORUM NON CONVENIENS:* DEFENDANT HAS FAILED TO OVERCOME THEIR BURDEN FOR DISMISSAL OF THIS ACTION

Defendants have the burden "as to all elements of the *forum non conveniens* analysis." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44.  As argued above, a traditional *forum non conveniens* analysis is warranted.  "The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum."  *Pierre Louis v. Newvac Corp.* 584 F.3d 1052, 1056 (11th Cir. 2009).

In the instant case, Defendants have failed to provide a single fact upon which dismissal of this action could be predicated.  Instead, Defendants relied on the enforceability of the forum selection clause and modified *fnc* analysis espoused in *Atlantic Marine*.  In doing so, Defendants did not present a single private interest factor upon which this Court can rely in exercising its discretion of dismissing the case in favor of the Bahamas.  For the reasons stated above, Defendants' arguments regarding the validity of the forum selection clause fail at the outset.  With no facts upon which to balance the private interests, the Court should deny Defendants' motion because Plaintiffs' choice of forum is presumptively correct.

In the seminal case of *SME Racks, Inc. v. Sistemas Mecanicas Para Electronica, S.A.,*

382 F.3d 1097, 1099 (11th Cir. 2004) the Eleventh Circuit sets forth the test for what a Defendant must prove in order for a case to dismissed pursuant to the doctrine of *forum non conveniens*.  In *SME Racks*, the Eleventh Circuit mandated that for a Defendant to succeed in dismissal of an action for *forum non conveniens*, a party must present "***positive evidence of unusually extreme circumstances*** and ***material injustice***" before a court can exercise their discretion in dismissing a case.  *Id*. at 1101.  Defendants have failed to present a scintilla of positive evidence to buttress their motion and certainly Defendants have failed to prove to this Court that there are unusually extreme circumstances or material injustice in trying this case in the United States.

The heavy burden imposed on defendants reflects two important principles. First, dismissing a case in favor of a foreign forum implicates the federal courts' "'virtual unflagging obligation to exercise the jurisdiction conferred upon them.'" *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Second, when a plaintiff satisfies the requisites of jurisdiction and venue, in all but the most extreme circumstances, he is *entitled* to choose his forum, and his choice "should rarely be disturbed 'unless the balance is strongly in favor of the defendant'" *SME Racks,* 382 F.3d. at 1101.

## A. Adequacy of The Bahamas as an Alternate Forum

Plaintiffs do not contest the *per se* adequacy of the Bahamas as an adequate alternate forum. However, Defendants have failed to put forth any factual basis for the Court to find that the Bahamas is an adequate alternate forum, irrespective of other courts finding that it is.

**B. Private Interest Factors Weigh Heavily Against Dismissal of this Action**

Private interest factors include:  relative ease of access to sources of proof, access to unwilling and willing witnesses, ability to compel testimony, the possibility of the view of the premises, and the enforceability of judgment.  *Wilson v. Island Seas Investments, Ltd.* 590 F.3d 1264, 1270 (11th Cir. 2009) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Renta*, 530 F.3d at 1356.).  "These factors are not exhaustive and the court should be flexible in applying them." *Id.* (citing *King v. Cessna Aircraft Co.* 562 F.3d 1374, 1381-82 (11th Cir. 2009)).  In balancing the private interest factors, the Court must also account for the "'strong presumption against disturbing [a plaintiff's] initial forum choice.'" *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (quoting *Pain v. United Tech. Corp.*, 637 F.2d 775, 784 (D.C. Cir. 1980) (alteration added)); *see SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1102 (11th Cir. 2004) (noting that the presumption in favor of a plaintiff's choice of forum "is to be applied specifically when weighing the private interests.") (citation omitted).

For a recent Eleventh Circuit decision reversing a trial court for failing to apply the strong presumption against disturbing a plaintiff's initial choice of forum while balancing private interest factors, see unpublished Eleventh Circuit opinion in *McLane v. Los Suenos Marriott Ocean and Golf Resort, et. al.,* Case No: 11-11860, DC Docket No 08-cv-20662.

Defendants have not provided the Court with a single fact concerning the private interest factors that may weigh in favor of dismissal.  In contrast, Mrs. Vanderham's treating physicians and physical therapists are all located in the United States.  See Aff. M. Vanderham.

Notwithstanding language in some decisions, a plaintiff is *not* required to choose the "best" forum for litigating a case, and the court's task is *not* to pick the "best" forum for

12

litigating the case. Plaintiffs are not required to "choose the optimal forum . . .," *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), *cert. denied sub nom. San Francisco Baseball Associates, LP v. Ravelo Monegro*, 531 U.S. 1112 (2001). The Plaintiff still has a right to choose his forum. And "the plaintiff's choice of forum rarely should be disturbed." *Del Monte Fresh Produce Co. v. Dole Food Co. Inc.*, 136 F. Supp. 2d 1271, 1276 (S.D. Fla. 2001).

   With no factual basis upon which to find that the private interest factors weigh in favor of dismissal, the Court has nothing to balance. Defendants have presented no positive evidence of unusually extreme circumstances or manifest injustice. Given the strong presumption in favor of Plaintiffs' choice of forum, the Court should deny Defendants' motion.

### C. Public Interest Factors Weigh Heavily Against Dismissal

   Although Defendants have failed to present any facts in support of their motion to dismiss, if the Court finds that the balance of private factors is in equipoise or near equipoise, then it must determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *Wilson*, 590 F.3d 1271-72. The Eleventh Circuit has clarified that while "private factors are generally considered more important" courts should consider both public and private factors "in all cases." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

   Public interest factors include: a) court congestion and jury duty generated by controversies *having no relation to the forum*; b) the desirability of having localized controversies decided at home; and c) the difficulties attendant in resolving conflict of law problems and applying foreign law. *See Ward v. Kerzner International Ltd., et. al,* 2005 WL 2456191 at *4, *citing La Seguridad*, 707 So.2d at 1307.

   The instant action is between U.S. citizens and Defendants who are doing extensive business here, in Florida, the United States and abroad, therefore the United States and Florida

both have interests in the litigation. *See SME Racks*, 382 F.3d at 1104; and *Ward,* 2005 WL 2456191 at *5 (citing *Sun Trust v. Sun Int'l Hotels Ltd.*, 184 F. Supp.2d 1246, 1266) ("[T]his forum has a similar interest in providing United States citizens with a forum in which to seek redress for injuries caused by foreign defendants who are subject to U.S. jurisdiction.") As Judge Jordan has stated in *Collins*:

> This controversy has a relationship to this forum because, as stated above, 'there is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction.' *SME Racks,* 382 F.3d at 1104. At the same time, I recognize that the Bahamas has a stake in the efficient resolution of lawsuits involving accidents occurring on its soil. **I conclude that this interest is outweighed, however, by the interest in providing an American plaintiff an American forum..."** [Emphasis added]

Also, this country and its citizens certainly have a significant interest in determining that resort operators, such as Kerzner Defendants, take reasonable steps to ensure the safety of their guests. See *Ward v. Kerzner Int'l Hotels, Ltd.* 18 Fla. L. Weekly Fed. D 506 (S.D. Fla. 2005) (Court found that the United States has a public interest in a case where the underlying incident occurred at a resort in the Bahamas and that resort conducts business in the United States through South Florida offices.)

## **CONCLUSION**

The forum selection clause at issue in this case is unenforceable. After conducting an *fnc* analysis as is required by *SME Racks*, the Court should deny Defendants' motion. Kerzner Defendants have failed to carry their burden. Therefore, Marilyn Vanderham and Casper Vanderham respectfully request that the Court deny Resort Defendant's Motion to Dismiss pursuant to the doctrine of *forum non conveniens.*

Respectfully submitted,

**THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel:     (305) 445-4430
Fax:     (305) 445-4431
Email:  gabe@rlplegal.com;
          bob@rlplegal.com
By:/s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303
Robert L. Parks
Florida Bar No. 61436

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed with the Clerk on

June 29, 2014, using cm/ecf, who will forward copies to all counsel of record.

 /s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303