UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  13-24147-(COOKE)


MARILYN VANDERHAM and
CASPER VANDERHAM, her husband,
        Plaintiffs,

v.

KERZNER INTERNATIONAL BAHAMAS
LIMITED, a Bahamian Company; KERZNER
INTERNATIONAL LIMITED, a Bahamian
Company; ISLAND HOTEL COMPANY
LIMITED, a Bahamian Company; and PARADISE
ISLAND LIMITED, a Bahamian Company,

        Defendants.

_____/


### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs, Marilyn Vanderham and Casper Vanderham, her husband, file this Motion for Leave to Amend Complaint to add a party Defendant, Brookfield Asset Management, Inc. ("Brookfield") and in support thereof states as follows:

1.  On or about April of 2012, Brookfield became the owner of the Atlantis resort.

2.  On November 15, 2013, the Vanderhams filed a Complaint [D.E. 1] against the Kerzner Defendants.

3.  Plaintiffs request leave to amend to include counts of negligence and vicarious liability against Brookfield.  See Amended Complaint.  (Exhibit 1)

4.  Plaintiff has conferred with opposing counsel who has indicated that Defendants oppose the instant motion.

1

5.  Currently pending is Defendants' Motion to Dismiss due to a forum selection clause.[1]

6.  The case is not yet at issue since Defendants have not answered, therefore, no prejudice will result by allowing the amendment.

### MEMORANDUM OF LAW

Federal Rule of Civil Procedure 15(a)(2) allows amendment of the pleadings "with … the court's leave. The court should freely give leave when justice so requires."

It is well settled that under the rules the pleadings may be amended to conform to the evidence.  In this case, Plaintiff believes the evidence will show that Brookfield is the owner of the Atlantis and that Kerzner Defendants remain as operators of the resort.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962)

Further,  "Fed.R.Civ.P. 15(b) instructs district courts to grant leave for such amendments freely, provided no prejudice to the defendant is shown." *Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1200 (11th Cir. 1986).

WHEREFORE,  Plaintiffs,  Marilyn  Vanderham  and  Casper  Vanderham,  respectfully request that the court enter an order granting leave to amend the complaint as attached in Exhibit 1.

---

[1] The forum selection at issue does not list Brookfield as Resort Party.  Adding Brookfield will not change the analysis for the pending motion before the Court.

2

Respectfully submitted,

**THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel:     (305) 445-4430
Fax:     (305) 445-4431
Email: gabe@rlplegal.com

By: /s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303
Robert L. Parks
Florida Bar No. 61436

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served via cm/ecf with

the Clerk on July 1, 2014, who will forward copies to all counsel of record.

/s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303

## CERTIFICATE OF LOCAL RULE 7.1(a)(3)(A)
## GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has

conferred with all parties and non-parties who may be affected by the relief sought in this motion

in a good faith effort to resolve issues raised in the instant motion but have been unable to do so.

/s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303

3