UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 13-CV-24147-MGC

MARILYN VANDERHAM and
CASPER VANDERHAM, her husband

    Plaintiffs,

v.

KERZNER INTERNATIONAL BAHAMAS
LIMITED, a Bahamian company; KERZNER
INTERNATIONAL LIMITED, a Bahamian
company; ISLAND HOTEL COMPANY
LIMITED, a Bahamian company; and PARADISE
ISLAND LIMITED, a Bahamian company,

    Defendants.
_____/

## **DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS**

Defendants, Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, and Paradise Island Limited (collectively "Defendants"), hereby file this Reply in Support of their Motion to Dismiss the Complaint (DE 12). In support, the Defendants state as follows:

**I.    Introduction**

Under the new *forum non conveniens* analysis articulated by the Supreme Court in *Atlantic Marine Const. Co., Inc. v U.S. Dist. Court for the Western Dist. of Texas*, et al., 134 S. Ct. 568 (2013), the Complaint should be dismissed because Plaintiffs are subject to a valid forum selection clause and the *public* interest factors point to The Bahamas as the appropriate forum. Plaintiffs can re-file their lawsuit in The Bahamas without undue inconvenience or prejudice.

**MEMORANDUM OF LAW**

**II.     The forum selection clause is valid and enforceable**

As a preliminary matter, as set forth in their Response Memorandum (DE 20), Plaintiffs' arguments regarding fraud and overreaching fail as a matter of law. None of their arguments have any bearing on how the forum selection clause itself was *included* in Atlantis' Terms and Conditions and the "Acknowledgment, Agreement and Release" Form (the Guest Registration Form) they were required to sign when they checked-in at the Resort. As a matter of law, "[f]or a party to escape a forum selection clause on the grounds of fraud, it must show *that the inclusion of that clause in the contract* was the product of fraud or coercion." *Batchelder v. Kawamoto* 147 F3d 915, 919 (9th Cir. 1998) (emphasis added; internal quotes omitted); *see also Afram Carriers, Inc. v. Moeykens*, 145 F3d 298, 301 (5th Cir. 1998). According to the Eleventh Circuit, in order for a forum selection clause to be invalidated on the basis fraud or overreaching, a plaintiff must **specifically allege** that the clause was included in the contract at issue because of fraud. *See Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011) (citing and quoting *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1296 (11th Cir.1998) ("By requiring the plaintiff to specifically allege that the [forum selection] clause itself was included in the contract due to fraud ... courts may ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties" (emphasis omitted)).

There are no such allegations in the Complaint that the forum selection clause was included in the Terms and Conditions and Guest Registration Card because of fraud. A forum selection clause, such as the clause at issue here, serves a legitimate purpose. The forum clause provides guests who stay at Atlantis with advance notice where suit can properly be brought

against the Resort. Since the forum selection clause is tantamount to a confession of personal jurisdiction, it eliminates any such question. *See National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 315-316 (1964). Further, since guests from around the world stay at Atlantis, a forum clause removes the potential of global litigation for the Resort. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13-14 (1972).[1] Consequently their fraud and overreaching arguments are merely conclusory, fail as a matter of law, and do not support non-enforcement of the forum selection clause at issue here. *Rucker*, 632 F.3d at 1236.

      A.      **Plaintiffs cited no authority to support their contention it is fraud and overreaching if guests are allowed to reject terms they dispute**

In addition to the arguments above, the Eleventh Circuit has ruled it is not fraud and overreaching when guests have the ability to reject the terms of a non-negotiated forum selection clause. *See e.g.*, *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) ("A useful two-part test of "reasonable communicativeness" takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause ***and to reject its terms***") (emphasis added). Although Plaintiffs cite to the

---

[1] The rational for this was further explained in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), where the Supreme Court affirmed Carnival's forum selection clause because: (1) the cruise line's "special interest in limiting the fora in which it potentially could be subject to suit" considering that it carries guests from many locales; (2) "dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions" and (3) "that passengers who purchase tickets containing a forum clause ... benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued." *Id.* at 593–94 (citations omitted). Applied here, guests come from all over the world to visit Atlantis Resort in The Bahamas. Absent a forum selection clause, Defendants potentially could be subject to lawsuits in numerous jurisdictions around the globe. The forum selection clause removes any question about where lawsuits should be filed, thereby avoiding expensive litigation concerning this question. Because it is more cost effective to litigate lawsuits in The Bahamas, those savings can be passed along to Atlantis guests.

*Krenkel* ruling, they only quote the first part of the test (*see* p. 4 of their Response Memorandum) and ignore the pertinent second part of the test that addresses this specific issue.

Further, Plaintiffs have failed to provide any support for their assertion that Defendants violated their "own policy." (DE 20 at p. 3). The document they attach as Exhibit 1 to their Response Memorandum (DE 20-1) shows two sections; the first is titled "Policy" and the second is titled "Procedure". In the second "Procedure" section there are a list of "suggestions" for Atlantis front desk personnel if a guest has questions: "In the event a guest has questions, we suggest the following responses:" *See id*. "C" is the suggested response if a guest asks about Bahamian Law and Venue. *See* (DE 20-1 at p. 3). "D" is the suggested response if a guest wishes to make deletions before signing the registration form. *See id.* Plaintiffs have never alleged that after reviewing the Guest Registration Form at check-in they asked front desk personnel any questions about venue, or making deletions to the conditions on the Guest Registration Form. By its own terms, the document Plaintiffs purport to rely upon only applies if a guest has specific questions. The document is not applicable here.

    B.   **The forum selection clause passes the "reasonably communicated" test**

The two elements of the "reasonable communicated" test are met here. First, Plaintiffs do not challenge the first part of the "reasonable communicativeness" test nor could they. Instead, Plaintiffs try to have it both ways. On the one hand they approvingly cite (with emphasis) the Eleventh Circuit's *Krenkel* ruling, but on the other hand they ask the Court to ignore the *Krenkel* ruling by saying it doesn't apply here.

The first prong of the reasonable communicativeness test focuses on the physical characteristics of the ticket. The Eleventh Circuit has already addressed this issue. In *Krenkel* the Eleventh Circuit analyzed the Atlantis forum selection clause at issue here and found it was:

4

not hidden or ambiguous. Rather, it was on a one-page form entitled "Acknowledgment, Agreement and Release" that contained only eight paragraphs, was set apart in a separate paragraph, was in legible type in the same font and type size as the surrounding paragraphs, and began with the words "I agree." The language of the clause was plain and sufficiently gave the Krenkels notice they were agreeing to litigate any disputes that might arise from their visit in The Bahamas. Moreover, the agreement notified the Krenkels in bold, capitalized letters to "**READ BEFORE SIGNING**."

*Krenkel*, 579 F.3d at 1281-82.

The second prong of the reasonably communicated test focuses on a guest's opportunity to be familiar with the Terms and Conditions. After Plaintiffs made their reservation a confirmation was sent to their e-mail address. In fact in her Affidavit, Marilyn Vanderham concedes she received the e-mail Reservation Confirmation: "After making the reservation, I was sent a reservation confirmation email reflecting the reservation." *See* Affidavit (DE 20-2) at ¶ 6; *see also* Reservation Confirmation (DE 12-1); Declaration of Jack Edelman (DE 12-2). The second page of the confirmation advised Plaintiffs to go to the Atlantis website to view the Terms and Conditions and even provided a link to do so. *See* (DE 12-1 at p. 2). Further, Plaintiffs were advised two more times to view the Terms and Conditions. Two additional e-mail confirmations were sent to Plaintiffs. *See* Declaration of Janevi Ramaji (DE 12-3).

Those Terms and Conditions clearly explained and provided advance notification that any dispute between the guest and the hotel or any affiliated company must be litigated exclusively in The Bahamas and further notified guests (including Plaintiffs) that upon arrival at Atlantis they would be required to sign a Guest Registration Card that included a Bahamian forum selection clause. *See* Terms and Conditions (DE 12-4 at p. 4-5 titled **ATLANTIS REGISTRATION** (emphasis in original)). Then, upon arriving and checking in at Atlantis, Plaintiffs signed a Guest Registration Form acknowledging their agreement that the Supreme Court of The Bahamas is the exclusive venue for any claims they have against Atlantis. *See* (DE

12-5 at p. 2).[2]

At least one court has pointed out the "commercial realities" and obligation of "making oneself aware of a number of contractual provisions [that] forms a fundamental part of planning modern recreational travel." *See Lunday v. Carnival Corp.*, 431 F. Supp. 2d 691, 695 (S.D. Tex. 2004). This instant lawsuit is simply a dispute between a non Miami resident who had the time and financial resources to travel to one of the premier resorts in The Bahamas, who flew to the Bahamas to gamble at the casino, and who has now sued various Bahamian companies for an alleged slip and fall incident that occurred in The Bahamas. This was a luxury activity. Plaintiffs were put on notice of the forum selection clause prior to their travel and then again when they checked-in. Accordingly, the two elements of the reasonably communicated test (whether Plaintiffs had the ability to inform themselves of the clause and whether Plaintiffs had the opportunity to reject the forum clause) are both met in this case.

**III.    The *forum non conveniens* analysis in *Atlantic Marine* applies here**

Plaintiffs cites no legal authorities ruling that *Atlantic Marine* does not apply in this situation. *Atlantic Marine* does applies to foreign jurisdiction transfers. *See Nayak v. Star Clippers, Ltd. Corp.*, 2014 WL 1406438 (S.D. Fla. 2014) *adopted*, 2014 WL 1413497 (S.D. Fla. 2014) ("Although *Atlantic Marine* concerned a transfer between federal districts based on a forum selection clause, the Court noted that the same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to

---

[2] Plaintiffs reliance on the Court's ruling in *Tuite v. Kerzner Int'l Bahamas Ltd.*, Case No. 11-24359 is misplaced. Unlike here, the plaintiffs in *Tuite* were never sent a reservation confirmation or any other e-mail notification containing a hyperlink to the Terms and Conditions which included the forum selection clause. Similarly, Plaintiffs reliance on *Massa v. Kerzner Int'l Ltd.*, Case No. 11-60232-CIV-WPD is also misplaced for a similar reason. The plaintiff in *Massa* did not book the trip to Atlantis so no e-mail notification containing a hyperlink to the Terms and Conditions was sent to him.

6

state or foreign forums") (internal quotations omitted). Further, *Atlantic Marine* applies to more than contract cases between two sophisticated companies with equal bargaining power. *See id*. (applying *Atlantic Marine* and finding that the forum selection clause in an employment contract was enforceable); *see also Barilotti v. Island Hotel Company Ltd.*, Case No. 13-23672-CIV-MORENO (S.D. Fla. May, 6, 2014) (dismissing the case after applying *Atlantic Marine* analysis) Order attached hereto as Exhibit 1; *Pappas v. Kerzner Int'l Bahamas, et al.*, Case No. 13-cv-22076-UU, (DE 45) (S.D. Fla. Feb. 12, 2014) (same) Order attached hereto as Exhibit 2.[3]

That a forum selection clause is not negotiated does not invalidate the clause. There is no legal requirement that forum selection clauses only apply to sophisticated business entities as suggested by Plaintiffs. Similar arguments were rejected by the Supreme Court in *Shute*. *See* 499 U.S. at 593. Under *Shute*, a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause. *See id.* Further, as the Ninth Circuit has stated:

> To decline enforcement of a forum selection merely on the showing of non-negotiability and power difference … would disrupt the settled expectations of the parties ….

See *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004); *see also Burcham v. Expedia, Inc.*, 2009 WL 586513 (E.D. MS. March 6, 2009) (rejecting the argument that the terms and conditions were an unenforceable adhesion contract, and ruling that "Burcham agreed to the forum selection clause when he chose to use Expedia to book his room. He cannot now escape

---

[3] Plaintiffs contend certain cases cited in the Motion to Dismiss should be ignored because there is a pending Motion for Consideration or are on appeal. However, it well settled since the mid 1800s that rulings by the lower court are valid and binding until reversed. *See e.g.*, *West v. Smith* 49 U.S. 402, 412 (1850) ("At all events, on elementary principles, the judgment thus obtained must stand as binding until duly reversed …."); *White v. Crow*, 110 U.S. 183, 189 (1884) ("We must assume the judgment to be valid and binding until reversed in a direct proceeding"); *Mitchell v. St. Maxent's Lessee*, 71 U.S. 237 (1866) ("It is a well settled principle of law … that the decree or judgment of a court, having jurisdiction, is binding until reversed, and cannot be collaterally attacked").

the terms of the contract to which he is obliged").[4]

Plaintiffs' contention it would be unfair to apply the forum selection clause because there is a marketing and reservation office in the U.S. is not relevant and has no basis in the law under the facts of this litigation. First, the incident is not alleged to have occurred at the marketing and reservation office in the U.S. This lawsuit involves an alleged incident in The Bahamas. Second, marketing and reservation procedures are not an issue in this lawsuit. Marilyn Vanderham is claiming personal injuries as a result of a slip and fall incident. Finally, Plaintiffs cite no legal authority holding that forum selection clauses are invalid in situations involving foreign corporations merely because a separate corporate entity does marketing and reservations in the U.S. That issue has already been rejected in this circuit. *See e.g. Barilotti v. Island Hotel Company Ltd.*, Case No. 13-23672-CIV-MORENO (S.D. Fla. May, 6, 2014) ("Courts have found that even where defendants conduct extensive business through South Florida offices, 'that presence is not of great relevance to this lawsuit' when 'the crux of this action is Defendants' alleged negligence in failing to properly supervise and monitor the use of jet skis by their guests'") (quoting *Horberg v. Kerzner Intern. Hotels Ltd.*, 744 F.Supp.2d 1284, 1296 (S.D. Fla. 2007)).

### A.     Plaintiffs concede The Bahamas is an adequate alternate forum

Plaintiffs' arguments to the contrary, the Motion to Dismiss did set forth the basis for the

---

[4] Their contention that the forum selection clause is somehow invalid because it was purportedly "buried" in a multipage Terms and Conditions document also fails. They claim they did not read the Terms and Conditions prior to arriving at Atlantis. Not reading the Terms and Conditions which explained the forum selection clause, despite being advised three times to go to the Atlantis website to view the Terms and Conditions, undercuts any theory that the forum selection clause was buried. Similar arguments have already been considered and rejected by the courts. *See e.g.*, *Forrest v. Verizon*, 805 A.2d 1007 (D.C.C. 2002) (rejecting similar argument and finding that when printed, the Terms and Conditions including the forum selection clause, totaled 13 pages including "two lengthy appendices").

Court to find that The Bahamas is an adequate alternate forum: Defendants are Bahamian corporations and are amenable to service of process in The Bahamas; they consented to jurisdiction in The Bahamas; the Bahamian legal system is patterned after England's legal system; and the Bahamian legal system recognizes negligence actions and vicarious liability for personal injury. Defendants set forth a sufficient factual basis.

      **B.**      **Pursuant to *Atlantic Marine*, "A [district] court … must deem the private-interest factors to weigh entirely in favor of the preselected forum"**

Once an adequate alternative forum has been established, under the *Atlantic Marine* holding, courts next must consider only the relevant *public* interest factors to determine whether dismissal is appropriate: "A district court may consider arguments about public-interest only." *See Atlantic Marine,* 134 S. Ct. at 582. The *private* interest factors do not apply here. That being said, assuming *arguendo* the Court could consider that *private* interest, dismissal would still be warranted. First, the vast majority of the physical evidence and documents bearing on liability and damages are in The Bahamas and outside the subpoena power of the Court, including: (a) the accident scene, (b) maintenance records, (c) documents regarding employee training and supervision, and (d) records from Bahamian medical staff who treated Plaintiff.

Second, the following witnesses are in The Bahamas: (a) Atlantis resort personnel who responded to the alleged incident, (b) Atlantis maintenance and managerial personnel responsible for supervision and training of pool area attendants, (c) pool area attendants, (d) surveillance staff working at the time of the alleged incident, (e) shift managers, (f) lifeguards working at the area on the day of the alleged incident, and (g) Bahamian medical staff that treated Plaintiff. Simply put, the overwhelming volume of documentary evidence and witnesses are located in The Bahamas. Given the unavailability of relevant evidence and witnesses in the U.S., a

consideration of the practicalities and expenses of the litigation renders Miami an impractical forum.

### C. The public interest factors weigh in favor of dismissal

While a court analyzing a motion to transfer based on a forum-selection clause will give no weight to private interest factors, it will still consider *public interest* factors as a limit on such a transfer. *Atlantic Marine*, 134 S. Ct. 583. However, those *public* interest factors (e.g., court congestion, local interest in deciding case, trial of action in forum at home with the governing law) will "rarely defeat" the transfer motion because "in all but the most unusual cases ... 'the interest of justice' will be served by holding parties to their bargain." *See id*. at 582-83. As set forth in the Motion to Dismiss, this lawsuit lacks any connection to Miami and should be dismissed to conserve judicial resources; there is no local interest in the controversy; Bahamian law will govern this dispute; and since this dispute has no connection to Miami, jury duty should not be imposed on the citizens of Miami.

### IV. Conclusion

For the reasons discussed herein and in Defendants' Motion to Dismiss, the Defendants have met their burden for a *forum non conveniens* dismissal and Plaintiffs' Complaint should be dismissed accordingly.

Dated: July 10, 2014
       Miami, Florida

                                  Respectfully submitted,

                                  MALTZMAN & PARTNERS, P.A.

BY:   /s/ Rafaela P. Castells_____
        Jeffrey B. Maltzman, Esq.
        Florida Bar No. 0048860
        jeffreym@maltzmanpartners.com
        Steve Holman, Esq.

Florida Bar No. 547840
steveh@maltzmanpartners.com
Rafaela P. Castells, Esq.
rafaelac@maltzmanpartners.com
55 Miracle Mile, Suite 320
Coral Gables, FL  33134
Tel: 305-779-5665 / Fax: 305-779-5664
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 10th day of June, 2014. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ Rafaela P. Castells___
Rafaela P. Castells, Esq.

**SERVICE LIST**

**CASE NO.: 13-CV-24147-MGC**

| | |
|---|---|
| James A. Schwartz, Esq.<br>jimschwartzlaw@verizon.net<br>The Law Office of James Schwartz<br>235 N. Garden Dr.<br>Clearwater, FL 33755<br>Phone: 727-441-3334<br><br>Robert L. Parks, Esq.<br>bob@rlplegal.com<br>Gabriel A. Garay<br>gabe@rlplegal.com<br>Law Offices of Robert L. Parks<br>799 Brickell Plaza, Suite 900<br>Miami, FL 33131<br>Phone: 305-445-4430<br>Fax: 305-445-4431<br>*Attorneys for Plaintiffs* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Rafaela P. Castells, Esq.<br>rafaelac@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 320<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendants* |