# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 13-24147-Civ-COOKE/TURNOFF

MARILYN VANDERHAM and
CASPER VANDERHAM,

      Plaintiffs,

vs.

KERZNER INTERNATIONAL BAHAMAS
LIMITED; KERZNER INTERNATIONAL
LIMITED; ISLAND HOTEL COMPANY
LIMITED; and PARADISE ISLAND LIMITED,

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before me upon Defendants' Motion to Dismiss (ECF No. 12) and Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 21). I have reviewed the Motion to Dismiss and Motion for Leave to Amend Complaint, the Responses (ECF No. 20, 23) and Replies (ECF No. 22, 24) thereto, the relevant legal authority, and the argument of counsel at the Motion Hearing conducted on August 29, 2014. For the reasons stated in open court relying on the law herein, Defendants' Motion to Dismiss is granted, and Plaintiffs' Motion for Leave to Amend Complaint is denied as moot.

Plaintiff Marilyn Vanderham brings this negligence action against Defendant Kerzner International Bahamas Limited, Kersner International Limited, Island Hotel Company Limited, and Paradise Island Limited arising from personal injuries she suffered when she slipped and fell in the pool area at the Atlantis Resort on Paradise Island, Bahamas. Her husband, Plaintiff Casper Vanderham has asserted a loss of consortium claim. Defendants seek dismissal of this action predicted upon its forum selection clause and the doctrine of *forum non conveniens*.

This Court has held that defendants "have a legitimate interest in limiting the fora in which they can be sued." *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d. 1246, 1262 (S.D. Fla. 2001) (considering the interest of the same Defendants and noting the

international character of Atlantis resort).  Therefore, "[m]andatory forum-selection clauses are presumptively valid and enforceable and warrant dismissal in favor of a contractually mandated foreign forum unless the plaintiff makes a 'strong showing' that enforcement would be unreasonable or unjust under the circumstances." *Bell v. Kerzner Int'l Ltd.*, No. 10-23755, 2011 U.S. Dist. LEXIS 155097, at *6 (S.D. Fla. July 14, 2011) (Mot. to Dismiss, Exhibit "C") (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285 (11th Cir. 1998)).  A choice of law clause will only be found unenforceable as "unreasonable under the circumstances" under four conditions.  *Lipcon*, 148 F.3d at 1296.

> Choice of law clauses will be found . . . unenforceable only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy.

*Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991); *Bremen*, 407 U.S. at 15-18; *Roby v. Corporation of Lloyd's*, 996 F.2d 1352, 1363 (11th Cir. 1993)).

The reasonableness of a forum selection clause is "fact-sensitive, and must be done on a case-by-case basis." *Sun Trust Bank*, 184 F. Supp. 2d. at 1258 (citing *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 864 (1st Cir. 1983)).  In doing so, the court must consider "whether the terms of the clause was [sic] reasonably communicated to the consumer and are otherwise fundamentally fair." *Id.* at 1259 (citing *Shankles*, 722 F.2d at 863-66; *Corna v. American Hawaii Cruises, Inc.*, 794 F. Supp. 1005, 1008 (D. Hawaii 1992)).  A two-part test of "reasonable communicativeness," considers the physical characteristics of the contract itself, and also any extrinsic factors indicating the plaintiff's ability to become meaningfully informed and to reject the contractual terms. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009); *see also Sun Trust Bank*, 184 F. Supp. at 1259.

Once a forum selection clause has been found to be valid and enforceable, dismissing a complaint pursuant to a valid forum selection clause must be done through a modified *forum non conveniens* analysis. *Atlantic Marine Const. Co., Inc. v U.S. Dist. Court for the Western Dist. of Texas, et al.*, 134 S. Ct. 568 (2013).  The modified *forum non conveniens* analysis has adjusted the usual *forum non conveniens* analysis in three ways.  First, "the plaintiff's choice of

forum merits no weight." *See id.* at 581-82. According to the Supreme Court, a plaintiff initially agrees by contract to file the lawsuit only in a specified forum, "the plaintiff has effectively exercised its 'venue privileges' before a dispute arises. Only that initial choice deserves deference …." *See id.* Second, the district court "should not consider arguments about the parties private interests." *See id.* at 582. A plaintiff "waive[s] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A [district] court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. As we have explained in a different, but instructive context, whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contract." *Id.* Third, when a party bound by a forum-selection clause "flouts its contractual obligation and files suit in a different forum," the plaintiff's chosen venue's choice-of-law rules will not apply. *See id.*

A district court's determination to dismiss an action on the doctrine of *forum non conveniens* will not be disturbed except where the court clearly abuses its discretion by failing to balance reasonably all of the relevant public and private factors. *See McLane v. Los Suenos Marriott Ocean & Golf Resort,* 476 F. App'x 831, 832 (11th Cir. 2012).

Having determined, for the reasons stated in open court, that the forum selection clause at issue is valid and enforceable, I move to the public factors under the *forum non conveniens* analysis. The public factors to be considered include administrative difficulties, local interests, application of foreign law, and unfairness of imposing jury duty on unrelated forum. *Klyszcz v. Cloward H20 LLC,* No. 11-23023, 2012 WL 4468345, at *15 (S.D. Fla. Sept. 26, 2012) (citing *Gulf Oil Corp.*, 330 U.S. at 508). For the reasons articulated by the Honorable Chris McAliley in her order dismissing the action in *Sabino v. Kerzner International Bahamas Limited, et al.*, No. 12-22715-Civ-McAliley (ECF No. 42), and for the reasons stated in open court, the public interest factors weigh in favor of the Bahamas being the proper venue.

Accordingly, Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED**, and Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 21) is **DENIED** *as moot*. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED**. All pending motions, if any, are **DENIED** *as moot*. The Clerk of Court shall **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of August 2014.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*