```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
                         MIAMI DIVISION
                  CASE NO. 13-24148-CIV-MGC

MARILYN VANDERHAM, et al.,

              Plaintiffs,              MIAMI, FLORIDA
         vs.
                                       AUGUST 29, 2014

KERZNER INTERNATIONAL BAHAMAS LTD.,
                                       PAGES 1 - 29
              Defendants.

_____/



              TRANSCRIPT OF MOTION TO DISMISS HEARING
               BEFORE THE HONORABLE MARCIA G. COOKE
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:     ROBERT L. PARKS, ESQ.
                       GABRIEL A. GARAY, ESQ.
                       ROBERT L. PARKS, P.L.
                       799 Brickell Plaza, Suite 900
                       Miami, FL  33131


FOR THE DEFENDANT:     STEVE HOLMAN, ESQ.
                       MALTZMAN PARTNERS
                       55 Miracle Mile
                       Suite 320
                       Coral Gables, FL  33134


REPORTED BY:           DIANE M. MILLER, RMR, CRR
                       Official United States Court Reporter
                       400 N. Miami Avenue
                       Miami, FL  33128
                       (305)523-5251
                       diane_miller@flsd.uscourts.gov
```

```
1                    P-R-O-C-E-E-D-I-N-G-S

2           THE COURT:  Good morning, everyone.

3           Give me just a moment, we don't have any mikes yet.

4           All right.  For the record, appearing on behalf of

5    the plaintiff?

6           MR. PARKS:  Robert Parks and Gabriel Garay, Your

7    Honor.

8           THE COURT:  And appearing on behalf of the

9    defendants?

10          MR. HOLMAN:  Steve Holman, Your Honor.

11          THE COURT:  This is the defendant's motion to

12   dismiss, docket entry ECF Number 12.  Counsel, are you

13   prepared to proceed?

14          MR. HOLMAN:  Yes, Your Honor.

15          THE COURT:  You may proceed.

16          MR. HOLMAN:  Would you Your Honor like us to use the

17   podium?

18          THE COURT:  The podium is fine, just so you are

19   speaking into a microphone.

20          MR. HOLMAN:  Thank you, Your Honor.

21          Your Honor, I'm not going to repeat the arguments

22   that we have already made in our papers that we filed with the

23   Court because you either read them or you are aware of them,

24   and that's why we are here.  But I do want to make an

25   important point:  This case is distinguishable from your
```

1  ruling -- and I'm sorry, I don't know the correct

2  pronunciation, but the *Tuite v. Kerzner* case and the *Massa v.*

3  *Kerzner* case that Your Honor relied on.

4        In *Tuite* and *Massa*, the motivating factor in denying

5  the motion to dismiss in those cases was because -- and I will

6  quote the ruling in *Massa* -- "the forum selection clause is

7  fundamentally unfair because the resisting party is not free

8  to reject the clause with impunity."

9        Well, here, unlike *Tuite* and *Massa*, in plaintiff's

10 own response brief, they point out and they argue extensively

11 that Atlantis guests can delete portions of the registration

12 card terms and conditions that they dispute or disagree with.

13 And the reason this has become an issue is because back in

14 June, plaintiff's counsel took a deposition at Atlantis of the

15 woman who trains the front desk personnel; and during that

16 deposition, she indicated that guests, if they have issues

17 with the terms and conditions, can cross them out.  There is

18 only one they can't, and that's that you agree to pay the

19 bill.  Otherwise, you can cross off the terms and conditions

20 on the registration.

21        THE COURT:  But isn't there, quote unquote, bigger

22 difference in -- since the case that you point out that I

23 decided sometime ago, and that is the actual change in the law

24 of the analysis on forum selection clauses?

25        MR. HOLMAN:  *Atlantic Marine*, yes, Your Honor.

1  Prior to that, there was a split in these circuits.  Some
2  courts were doing the analysis according to *Atlantic Marine*,
3  the Eleventh Circuit was one that they were not, and they were
4  doing in under the 12(b) motion to dismiss standard.  In fact,
5  we were as well in a number of previous cases with Mr. Parks'
6  firm.  After *Atlantic Marine*, they said, if you have a valid
7  form selection clause, you have to do the analysis under forum
8  non conveniens, but it is modified in three ways.
9        Before I explain the three ways, it is important to
10 remember the Eleventh Circuit in *Krenkel* has already ruled
11 that this is a valid forum selection clause.  So under the
12 *Atlantic Marine* analysis, you have to then, on a motion to
13 dismiss, analyze it through a modified forum non conveniens
14 analysis.  It is the same analysis but with three key changes.
15 One, the plaintiff's forum -- choice of forum doesn't weigh --
16 bears no -- their choice of forum merits no weight; second,
17 you are not to consider the private interests; and third, the
18 chosen venue choice of law will not apply.
19       I know that they are going to argue that it's
20 questionable that *Atlantic Marine* applies; but again, the
21 Eleventh Circuit has already ruled that it is a valid forum
22 selection clause.  Therefore, under the direct ruling of
23 *Atlantic Marine*, *Atlantic Marine* analysis applies, and you use
24 the forum non selection or forum non conveniens analysis, but
25 the modified version and you -- you know, without their choice

1  of forum merits no weight.  The private interest factors

2  aren't to be considered, and the choice of law of the chosen

3  forum doesn't apply.

4          THE COURT:  What about the plaintiff's argument that

5  there is some sort of fraud that went on with the obtaining of

6  the -- of the choice of forum, in this case?

7          MR. HOLMAN:  Two things with that.  In our reply, we

8  pointed out that according to the Eleventh Circuit, it is

9  fraud and overreaching.  I believe that's the argument they

10 made; and to assert a fraud and overreaching argument, you

11 have to actually allege that the forum selection clause was

12 inserted into the contract for fraudulent reasons itself.

13 Well, first --

14         THE COURT:  So not that it was obtained fraudulently

15 but that it was inserted fraudulently?

16         MR. HOLMAN:  Correct.  And there is no allegation of

17 that here and there couldn't be because large companies -- you

18 know, this was addressed in *Carnival v. Shute*, companies that

19 have worldwide operations need to have some uniformity so they

20 include forum selection clauses so that they can -- instead of

21 being sued by people in countries around the world, they can

22 limit their exposure, here is where we are going to do it.

23 And customers, guests reap the benefit of that because instead

24 of having to spend money litigating all over the planet,

25 you -- various cost savings are passed on to consumers in

1   cheaper room rates, in this instance.

2          THE COURT:  So you are telling me, if I checked into

3   your client's hotel, and I stood there and I read my check in

4   agreement and I got to the point that said -- assuming I was a

5   nonlawyer consumer, and I got to the point that said, if you

6   are sued, you are agreeing to be sued wherever this hotel is

7   located, I could just say thank you very much and X this out,

8   and they are going to let me check in?

9          MR. HOLMAN:  Yes, Your Honor.  And as a matter of

10  fact, Your Honor, people have done that.  Attorneys have done

11  that apparently.

12         Now, there is a process involved.  Someone will come

13  over, according to the woman in her deposition testimony and

14  said, you know, the manager on duty at the front desk will

15  come over and explain it, but they have never turned anyone

16  away who has crossed that out.  The only thing that they will

17  then ask -- assist you in making other arrangements is if you

18  insist on crossing out the sentence that says, "I agree to pay

19  my bill."  They are obviously not going to check you in, if

20  you refuse beforehand to pay the bill.

21         So that's the only term and condition in the

22  registration card that's, for all intents and purposes -- and

23  these are my words -- nonnegotiable.  But the woman testified

24  that people have done that.  They explained it, and they are

25  allowed to check in -- with the exception of if you try to

```
 1   cross off "I won't may my bill" or "I agree to pay my bill."
 2                THE COURT:  All right.  Let me hear from the
 3   plaintiff.
 4                MR. PARKS:  May it please the Court, let me --
 5   excuse me.
 6                Judge Cooke, let me address a couple of matters
 7   primarily first, before I get into specifically addressing the
 8   questions which I thought you very aptly asked opposing
 9   Counsel.
10                First of all, in the Eleventh Circuit, the burden as
11   to forum selection clauses, their applicability, and forum non
12   conveniens is an extraordinarily high one, and it can only be
13   utilized and a person not allowed to proceed in a forum here
14   under the most severe circumstances.  It's a very heavy
15   burden.
16                We don't believe and I suggest to the Court and I'm
17   going to point out some factors that I think support what I'm
18   going to say that they met their burden, A, as to the
19   selection forum clause or, B, as to assuming, assuming that
20   the forum selection clause is binding on the Vanderhams in
21   this case.  They have not met their burden as to the fact that
22   even as to the public interest factors, the case should be
23   FNC'd out and back to the Bahamas.
24                THE COURT:  It almost seems as if, with the case law
25   now, we never have to get there.
```

```
 1          MR. PARKS:  No.  Let me walk through, Your Honor,
 2   what I understand the procedure to be.
 3          In a case like this where there is a forum selection
 4   clause that the defendant is asserting, the defendant still
 5   needs to show that the clause can be -- particularly in a
 6   non-negotiated situation which this was, this is not between
 7   two commercial companies back and forth.  This is done at the
 8   time the person signs in.  They check in, they sign a form;
 9   take it or leave it, that's what the state of the record is
10   right now.
11          In that circumstance, you still must give the
12   plaintiff the opportunity to have rejected it with impunity.
13   That has never changed.  Atlantic Marine has never changed
14   that.  All Atlantic Marine said was, if you have a valid forum
15   selection clause for the purpose of federal jurisdiction and
16   forum non conveniens in the federal court system, once I
17   determine, as a federal judge, that the clause is valid, then
18   the plaintiff does not have the benefit anymore because the
19   plaintiff has chosen to go to the Bahamas in this case; the
20   plaintiff does not have the -- the luxury of going to the
21   court and saying, you, under the private factors sector, this
22   doesn't make up.  The private sector factors go out the window
23   if the clause is valid.  Only the public factors come into
24   play.
25          And the test for the public factors has never
```

```
 1   changed under Atlantic Marine, at least in the Eleventh
 2   Circuit.  There has been no Eleventh Circuit decision that
 3   they have cited which says that the -- this Court's ruling in
 4   Tuite, which you wrote very well, followed by Judge
 5   Dimitrouleas in Massa, the Van Hoy opinion by Judge Seitz,
 6   Judge Jordan, before he went to the Eleventh Circuit, and his
 7   opinion in Nolton or that decision, all of those judges
 8   including yourself have said very clearly on the public
 9   factors issue, because of the extraordinary high burden set
10   forth in SME Racks, an American plaintiff suing a foreign
11   defendant in an American court is entitled to proceed and the
12   American court -- the United States has a greater interest in
13   having the case here than the Bahamas notwithstanding the fact
14   that this is a tourist resort in the Bahamas, particularly
15   where, particularly where the foreign corporation that is
16   being sued has large offices in the Southern District from
17   which it does substantial business, including its entire
18   registration process.  So that has never changed, Judge.
19         The only thing that changed in Atlantic Marine was
20   the simple fact that you had to -- that the forum selection
21   clause, if valid in a situation such as this, took out the
22   private factors argument on behalf of the plaintiff.  The test
23   for determining validity and whether the forum selection
24   clause was -- allowed the plaintiff to reject it with impunity
25   has never ever changed.  There is not a district court opinion
```

1  in this district or any other in the State of Florida, and

2  there is no Eleventh Circuit opinion which has said, we now

3  are operating under a changed standard for that.

4         So they still have the burden to show that the forum

5  selection clause is valid, is valid and was communicated so

6  that the plaintiff had the opportunity to reject it with

7  impunity.  That is their burden.  They have failed to meet

8  that burden.  The first instance of that is that they have a

9  procedure which is supposed to be communicated to the guests,

10 as shown in the exhibit which says to the guests, you have

11 to -- I'm going to give you now the registration card, please

12 read very carefully the terms and conditions on the reverse

13 side.  There is no evidence in this record that that was ever

14 done, none.

15        Secondly -- and we know that wasn't done because the

16 very second line -- and this is a -- the documents attached to

17 our memorandum, the registration card acknowledgment and

18 release policy, the very next paragraph says that they are to

19 be told where to sign.  And then it goes on to say that every

20 adult staying in the room should sign the form.  Well, we know

21 that wasn't done because Mrs. Vanderham never signed it.  Her

22 signature appears nowhere in this record, nowhere, not on the

23 internet, not on the registration form, nowhere.  They were

24 supposed to do that.  Where is the proof that all of that was

25 done?

```
1              Finally, we don't know who it was that checked them
2    in, number one, and what that person told them; and we don't
3    even know, Judge, based on the records they have turned up,
4    whether or not that person, whoever he or she may be, ever was
5    trained or ever got a copy of this release, the registration
6    card policy because --
7              THE COURT:  But we know it was communicated to her
8    in the e-mail.
9              MR. PARKS:  No.  Let me -- it was not communicated
10   to her in an e-mail.  An e-mail was sent to them that said
11   "see terms and conditions."  It never said, you must -- by
12   accepting the e-mail, you have accepted the terms and
13   conditions.  Nothing was ever said.  And this -- this court,
14   Judge Cooke, Judge Dimitrouleas, Judge Moreno have all said, a
15   person, where it just has that --
16             THE COURT:  Weren't those all pre *Atlantic Marine*
17   cases?
18             MR. PARKS:  Yes, they are, but they do not go to the
19   issue, Judge, of whether the terms of the -- the forum
20   selection cause are communicated to the plaintiffs so they may
21   reject it with impunity.  *Atlantic Marine* never changed that,
22   never changed that.  It only said that when you have a valid
23   clause, once you get through testing the clause's validity,
24   when you have that valid clause, then you move on to the
25   private public factors test and you have eliminated the
```

1    private factors.  That's all it said.  That's all *Atlantic*

2    *Marine* changed with reference to forum selection clauses.  It

3    changed nothing else.

4            The decision in *Tuite*, Judge Dimitrouleas' decision

5    in *Massa*, Moreno's decision, Judge Jordan's decision, all of

6    the decisions that have faced forum selection that Judge Huck

7    wrote, all of those decisions deal with the question of the

8    plaintiff having the opportunity to reject with impunity.  And

9    in each case, the court found they did not have it.  And the

10   court in two or three of those cases found that even though

11   there was a terms and conditions sent by e-mail, you are not

12   required and there is nothing that requires you to click on

13   the e-mail, nothing, zero.

14           So the first time we know about that Mrs. Vanderham

15   received any notice of the forum selection clause being in

16   this contract was when we got the motion to dismiss, because

17   she sure as didn't get it at the hotel, and she sure didn't

18   get it in any form from any travel agent which distinguishes

19   the cases that Mr. Holman relied on dealing with travel

20   agents.

21           Getting back to this form, they haven't given us a

22   form indicating that the person who did the check-in had ever

23   read the form because it is not signed.  So that burden is all

24   theirs, and they have not met that burden.

25           All we have here is the same thing that was met by

1   the plaintiff back in the early 2000s, in Judge Huck's case

2   and dealing with Atlantis and dealing with the woman who

3   arrived with her two sons to check in and signed the forum

4   selection clause, which Judge Huck said that was her first

5   opportunity, did not give her the opportunity to reject it

6   with impunity, and, therefore, the forum selection clause is

7   not valid and not validly communicated to the plaintiff, and

8   we move on now to determine whether or not there is a forum

9   non conveniens issue, which you did.

10          So that's where you are with this case.  And you

11  have to first make a decision, I respectfully suggest to you,

12  that this forum selection clause was reasonably communicated

13  to the plaintiffs, both of them, so that they could reject it

14  with impunity period.  If they had done, Judge, what they say

15  they are required to do, at the time of the check-in, and if

16  the clerk had said "read this;" and they had said, well, "can

17  I take this out," as you asked the question, they would have

18  been told, I assume, although we don't have any evidence of

19  that directly, that they could cross that out and they would

20  be allowed to stay there.  They weren't told that.  They

21  weren't given that opportunity, and that is the fraudulent

22  misrepresentation that is the subject matter of plaintiff's

23  claim on the forum selection clause.

24          What you have done is you have given them half a

25  loaf.  You sent them the terms and conditions, didn't tell

1  them it was mandatory, gave them a forum selection clause when

2  they arrived at the hotel, didn't tell them to read it and

3  didn't give them the opportunity to reject it, according to

4  the hotel's own policies, assuming the desk clerk knew the

5  policy -- we don't know that -- would have allowed this to go

6  forward and then to give the opportunity to do it, and we

7  would be in a totally different situation when they came

8  there.

9        If we had stayed at the Atlantis before, I concede

10  that would have been a totally different situation.  None of

11  those factors obtained in this case and the client, the

12  Vanderhams, strongly urge the Court to find that they were not

13  given the opportunity to reject --

14        THE COURT:  Weren't there three e-mails to your

15  client?

16        MR. PARKS:  I'm sorry?

17        THE COURT:  Weren't there three e-mails to your

18  client in this case?

19        MR. PARKS:  The terms and conditions -- a four-page

20  document was e-mailed to them, which contained terms and

21  conditions.  It never said in the e-mail.  It just said "go to

22  this, if you want to see the remaining terms and conditions."

23  It had some listed on the document.  It is in evidence.

24        THE COURT:  But there has been -- there is a long

25  line, not just in these types of cases but a long line from

```
 1   apps on your telephone bill to when you buy a cell phone to
 2   whatever, that yes, these terms and conditions may be lengthy,
 3   they may be at the end of the contract, even if you don't read
 4   them, you are bound by them.  So that would not be, you know,
 5   this reasonably communicated that you talk about my language
 6   in Tuite was before, it is not now.
 7             MR. PARKS:  No, Judge.  Your language, it wasn't
 8   before -- your language in Tuite is still as binding today as
 9   it was.  There is no case that they have cited --
10             THE COURT:  But what I had to do in Tuite was
11   consider the private factors much stronger than I have to do
12   now post Marine.
13             MR. PARKS:  No, Your Honor.  If you --
14             THE COURT:  So I would have to tell -- say that all
15   of my colleagues post the 2013 case are wrong?
16             MR. PARKS:  No.  I'm not suggesting that.  What I'm
17   suggesting is that we don't get to the factors argument until
18   you find that the clause is valid.  If the clause --
19             THE COURT:  But I think there is case law that says
20   that this forum selection clause in this particular contract
21   has been said to be valid, isn't there?
22             MR. PARKS:  If it is reasonably communicated with
23   impunity, so the people can object to it with impunity.  If
24   you do that, there are cases that say --
25             THE COURT:  There is case law post 2013 that says
```

1   that.  That's all pre 2013.

2           MR. PARKS:  It has nothing to do with *Atlantic*

3   *Marine*, Judge.  *Atlantic Marine* doesn't change the fact that

4   the -- that it has to be communicated to the plaintiffs.  That

5   doesn't change at all.

6           All *Atlantic Marine* says is that if it is valid

7   otherwise and it is communicated, then you reject the private

8   factors and go to the public factors.  That's all *Atlantic*

9   *Marine* says.

10          All of the law that was cited, including your case,

11  by us dealing with rejecting the clause with impunity are

12  still as valid today in the Eleventh Circuit, and no court has

13  said they are not valid and are not binding on this issue.

14  You still have to have that particular issue addressed by the

15  court.  Once you do that, if you find that it's valid and you

16  find that they had the opportunity to reject it with impunity,

17  if you find that, then you have to go to just the public

18  factors argument.  Do the public factors in a forum non

19  conveniens weigh in favor of the defendants or the plaintiffs?

20          Assuming -- and I hope you wouldn't because, with

21  all due respect, I think it would be incorrect; but assuming

22  that you found validity of the clause and the fact it could be

23  rejected and you went to the public factors forum, there is --

24  virtually every judge in the Southern District who has ruled

25  on this issue has said that the interest of the United States

1  citizen in bringing a case in the United States in the

2  Southern District outweighs the defendant's argument that the

3  country in which they are headquartered has a greater

4  interest.  That factor weighs completely in favor of the

5  plaintiffs, and we are entitled under the forum non conveniens

6  clause to have the case here.  That is without question.

7         This Court -- this Court stated very clearly,

8  although defendant's concern over the application of foreign

9  law weigh in their favor, they are minimal compared to the

10  interest of the United States and provided a forum for the

11  plaintiffs.  Therefore the ability of the Court to apply the

12  Bahamian law and the United States' strong interest in

13  providing for plaintiffs demonstrate that the public interest

14  in this case weigh in favor of retaining jurisdiction.

15        A long list of judges in this district have held in

16  that favor.  A United States citizen who brings suit in the

17  United States against a foreign corporation has the upper hand

18  assuming an adequate forum -- assuming all of the other

19  factors and the public factors situation to bring the suit

20  here.  They all have come down in favor of allowing the suit

21  to be brought in the United States for that reason,

22  particularly where the foreign corporation involved is located

23  in the same district that the lawsuit is pending -- in which

24  the lawsuit is pending.

25        *Van Hoy* states the same thing.  Judge Jordan's

```
 1   opinion said that even though the Bahamas had a large interest
 2   because the hotel was there, it was a big employer, and it was
 3   a big tourist market and they had an interest in seeing that
 4   their -- that cases against -- involving the safety of resorts
 5   was important to the Bahamas, all of that being true, Judge
 6   Jordan said that because of SME Racks decision, in his opinion
 7   and it has been followed by a number of judges, including
 8   yourself, that the United States tax paying citizen has --
 9   still outweighs the Bahamian interest in order to bring a
10   lawsuit here.
11          Obviously, if you find the forum selection cause is
12   not valid, then you almost have to do it because this
13   defendant has not argued private factors.  They put all of
14   their eggs in the forum selection clause and then, at the very
15   end, they said, by the way, under the public factor's
16   situation, Judge, which is all you get to consider, you can't
17   send the case -- you have to keep the case -- you have to send
18   the case back to the Bahamas because it is a Bahamian company,
19   Bahamian resort, and the Bahamas has a greater interest in the
20   case, which is an inaccurate statement of the law.
21          So, Your Honor, we would suggest -- I don't have
22   anything to add.  I would only -- I would only urge the Court
23   to find that -- as it did before, and Judge Dimitrouleas, and
24   all of the judges have done -- again, there is no judge that
25   hasn't done this, that has said Atlantic Marine changes the
```

1  issue with dealing with rejection of the forum selection

2  clause with impunity.  If it is communicated and the plaintiff

3  has an opportunity to reject it or accept it and accepts it,

4  plaintiff is bound, under *Atlantic Marine*, and you go to the

5  public sectors factors.  There is no question about that.  But

6  if it is not communicated to the plaintiff so they have the

7  opportunity to do that, then that forum selection clause, no

8  matter how validly it is drawn, cannot be applied.  And that's

9  the law.

10       I don't have anything else.

11       THE COURT:  Counsel for the defendant, let me ask

12  this question.  What about the defendant's arguments of

13  reasonably communicating?  Is that still a factor that I have

14  to consider, or do I even get there now given the Supreme

15  Court's last decision?

16       MR. HOLMAN:  The *Atlantic Marine* did not address

17  that specific issue.  And there has been a Eleventh Circuit

18  case since *Atlantic Marine* indicating that you have to rely on

19  *Atlanta Marine*, but that case also did not also address that

20  specific issue.  I'm unaware of any decision where the issue

21  that you have just phrased has been raised.  But we did

22  communicate it.  We sent them three e-mails.

23       And I want to point out just very quickly and very

24  briefly a couple of points.  Judge Moreno most recently did

25  rely on *Atlantic Marine*, and he did dismiss a case based on

1  doing the forum selection clause under the forum non

2  conveniens analysis.  It was slightly different facts, but the

3  important point is he relied on *Atlantic Marine*.  He said it

4  was a valid -- Atlantis' forum selection clause was valid and

5  he dismissed the case.

6          And I also want to point out regarding the comment

7  that they have marketing and advertising here in Florida, the

8  Eleventh Circuit in *Vasquez*, 692 F.3d 1192, indicated that

9  corporate -- I'm quoting, "corporate defendant's marketing arm

10  in Florida is inconsequential because marketing had nothing to

11  do with the facts of this case."  Similarly, Judge Moreno in

12  his *Barilotti* decision that we discussed in our reply also

13  said the same thing.  The fact that *Kerzner* has marketing and

14  it does marketing and advertising in South Florida doesn't

15  have anything to do with the facts of this case.  In that

16  case, the facts were -- or it was alleged that someone slipped

17  and fell like here.  It didn't occur in the Plantation office,

18  and it had nothing to do with marketing and nothing to do with

19  advertising.  It occurred in the Bahamas.

20          I would also like to point out that Your Honor in

21  *Tuite* indicated and directly ruled that husbands and wives

22  have authority to sign for one another and the Eleventh

23  Circuit has likewise ruled that.

24          And I would also like to point out, it is our

25  Exhibit Number 5 to our motion to dismiss, I believe it is

1    docket entry 125.  It is the registration card itself.  If you

2    look at it, in bold capital letters right at the top, it says

3    "acknowledgment, agreement, and release, read before signing"

4    in capital letters, in bold capital letters.

5              Then, if you look at the signature, it asks the

6    person signing, "print name, signature, date it."

7              Then it says, "print the names of the family members

8    in my group," and then it lists additional adults.

9              There is no -- you don't -- every adult doesn't have

10   to sign this card.  The person that is checking in signs the

11   card, which Mr. Vanderham did.  Marilyn Vanderham's name is on

12   here.  There are no other adults.  They filled out the card

13   correctly.  But importantly, it says, at the very top, right

14   above where they signed, "read before signing."  You know, we

15   are bound by the terms of the contracts that we sign.

16             And I apologize, I don't know if it's S-M-K, or

17   S-M-E, it is the case that they rely on heavily that the

18   heightened burden regarding -- you know, if it involves a

19   forum selection clause or the plaintiff's choice of forum,

20   rather, well, those older cases large -- when you read them

21   carefully, they largely turned on the private interest factors

22   and the courts essentially say -- and I am paraphrasing --

23   well, we have already determined that that forum -- you know,

24   dismissal isn't warranted under the private factors, but we

25   are required to also address the public factors, so we will.

1          They address the public factors as an afterthought.

2   The court had already determined the analysis under the

3   private factors.  And according to the supreme court, those

4   private factors no longer apply because we have already got a

5   valid forum selection clause as determined by the Eleventh

6   Circuit.  So I would argue to the extent that the cases they

7   have cited in the older cases, to the extent those relied

8   largely on the private factors to come to their ruling, that

9   that portion of those opinions no longer apply.

10          THE COURT:  All right, thank you very much, Counsel.

11          I view *Atlantic Marine* as the appropriate legal

12   analysis here.

13          First of all, if it's not clear, based upon prior

14   case law from this district and the circuit, I believe the

15   foreign selection clause in this case is valid and

16   enforceable.  I believe that it was reasonably communicated to

17   the plaintiff and it had -- and plaintiffs and they had ample

18   opportunity, if they chose, to reject it through e-mails and

19   the personal check-in in the hotel.

20          As I said, I believe the analysis in *Atlantic Marine*

21   controls; and since I find that appropriate and the forum

22   selection clause in *Atlantic Marine* valid and for the reasons

23   stated in *Atlantic Marine* and for those factors, the analysis

24   in *Atlantic Marine* controls.  It was a valid forum selection

25   clause.  There is no reason for me to go any further.  The

```
 1   Bahamas is the appropriate place for this case to go, and
 2   that's where it should go in this case.
 3            The public interests factors in this case weigh in
 4   favor of it going to the Bahamas, and the case is dismissed,
 5   and the proper forum in this case is the Bahamas.
 6            Thank you very much.
 7            Because of that, there is no need for me to reach
 8   docket entry number 21 which asks for leave to amend the
 9   complaint.
10            Thank you very much, Counsel.
11       (PROCEEDINGS ADJOURNED AT 10:14 a.m.)
12                    C-E-R-T-I-F-I-C-A-T-E
13            I hereby certify that the foregoing is
14        an accurate transcription and proceedings in the
15        above-entitled matter.
16
     9/30/2014                    /s/DIANE MILLER
17   DATE                    DIANE MILLER, RMR, CRR
                             Official United States Court Reporter
18                           Wilkie D. Ferguson Jr. U.S. Courthouse
                             400 North Miami Avenue, Suite 11-2
19                           Miami, FL  33128
                             305- 523-5152   (fax) 305-523-5159
20
21
22
23
24
25
```

**/**
/s/DIANE [1]  23/16

**1**
10:14 [1]  23/11
11-2 [1]  23/18
1192 [1]  20/8
12 [2]  2/12 4/4
125 [1]  21/1
13-24148-CIV-MGC [1]  1/2

**2**
2000s [1]  13/1
2013 [3]  15/15 15/25 16/1
2014 [2]  1/5 23/16
21 [1]  23/8
29 [2]  1/5 1/7

**3**
305 [2]  1/23 23/19
305-523-5159 [1]  23/19
320 [1]  1/19
33128 [2]  1/22 23/19
33131 [1]  1/16
33134 [1]  1/19

**4**
400 [2]  1/22 23/18

**5**
5152 [1]  23/19
5159 [1]  23/19
523-5152 [1]  23/19
523-5251 [1]  1/23
5251 [1]  1/23
55 [1]  1/18

**6**
692 [1]  20/8

**7**
799 [1]  1/15

**9**
9/30/2014 [1]  23/16
900 [1]  1/15

**A**
a.m [1]  23/11
ability [1]  17/11
about [5]  5/4 12/14 15/5 19/5 19/12
above [2]  21/14 23/15
above-entitled [1]  23/15
accept [1]  19/3
accepted [1]  11/12
accepting [1]  11/12
accepts [1]  19/3
according [5]  4/2 5/8 6/13 14/3 22/3
accurate [1]  23/14
acknowledgment [2]  10/17 21/3
actual [1]  3/23
actually [1]  5/11
add [1]  18/22
additional [1]  21/8
address [5]  7/6 19/16 19/19 21/25 22/1
addressed [2]  5/18 16/14
addressing [1]  7/7

adequate [1]  17/18
ADJOURNED [1]  23/11
adult [2]  10/20 21/9
adults [2]  21/8 21/12
advertising [3]  20/7 20/14 20/19
After [1]  4/6
afterthought [2]  22/1
again [2]  4/20 18/24
against [1]  17/8 18/4
agent [1]  12/18
agents [1]  12/20
ago [1]  3/23
agree [3]  3/18 6/18 7/1
agreeing [1]  6/6
agreement [2]  6/4 21/3
al [1]  1/3
all [31]
allegation [1]  5/16
allege [1]  5/11
alleged [1]  20/16
allowed [5]  6/25 7/13 9/24 13/20 14/5
allowing [1]  17/20
almost [2]  7/24 18/12
already [6]  2/22 4/10 4/21 21/23 22/2 22/4
 4/23 4/24 20/2 22/2 22/12 22/20 22/23
analyze [1]  4/13
another [1]  20/22
any [8]  2/3 10/1 12/15 12/18 12/18 13/18
 19/20 22/25
anymore [1]  8/18
anyone [1]  6/15
anything [3]  18/22 19/10 20/15
apologize [1]  21/16
apparently [1]  6/11
APPEARANCES [1]  1/13
appearing [2]  2/4 2/8
appears [1]  10/22
applicability [1]  7/11
application [1]  17/8
applied [1]  19/8
applies [2]  4/20 4/23
apply [5]  4/18 5/3 17/11 22/4 22/9
appropriate [3]  22/11 22/21 23/1
apps [1]  15/1
aptly [1]  7/8
are [34]
aren't [1]  5/2
argue [3]  3/10 4/19 22/6
argued [1]  18/13
argument [7]  5/4 5/9 5/10 9/22 15/17 16/18
 17/2
arguments [2]  2/21 19/12
arm [1]  20/9
around [1]  5/21
arrangements [1]  6/17
arrived [2]  13/3 14/2
as [21]  4/5 6/9 7/10 7/18 7/19 7/21 7/22
 7/24 8/17 9/21 10/10 12/17 13/17 15/8 15/8
 16/12 18/23 22/1 22/5 22/11 22/20

ask [2]  6/17 19/11
asked [2]  7/8 13/17
asks [2]  21/5 23/8
assert [1]  5/10
asserting [1]  8/4
assist [1]  6/17
assume [1]  13/18
assuming [8]  6/4 7/19 7/19 14/4 16/20
 16/21 17/18 17/18
Atlanta [1]  19/19
Atlantic [29]
Atlantis [4]  3/11 3/14 13/2 14/9
Atlantis' [1]  20/4
attached [1]  10/16
Attorneys [1]  6/10
AUGUST [1]  1/5
authority [1]  20/22
Avenue [2]  1/22 23/18
aware [1]  2/23
away [1]  6/16

**B**
back [6]  3/13 7/23 8/7 12/21 13/1 18/18
BAHAMAS [13]  1/6 7/23 8/19 9/13 9/14
 18/1 18/5 18/18 18/19 20/19 23/1 23/4 23/5
Bahamian [4]  17/12 18/9 18/18 18/19
Barilotti [1]  20/12
based [3]  11/3 19/25 22/13
be [21]  5/2 5/17 6/6 7/12 7/22 8/2 8/5 10/9
 10/19 11/4 13/20 14/7 15/2 15/3 15/4 15/21
 16/4 16/21 16/22 17/21 19/8
bears [1]  4/16
because [21]  2/23 3/5 3/7 3/13 5/17 5/23
 8/18 9/9 10/15 10/21 11/6 12/16 12/23
 16/20 18/2 18/6 18/12 18/18 20/10 22/4
 23/7
become [1]  3/13
been [8]  9/2 13/18 14/10 14/24 15/21 18/7
 19/17 19/21
before [10]  1/11 4/9 7/7 9/6 14/9 15/6 15/8
 18/23 21/3 21/14
beforehand [1]  6/20
behalf [3]  2/4 2/8 9/22
being [4]  5/21 9/16 12/15 18/5
believe [6]  5/9 7/16 20/25 22/14 22/16
 22/20
benefit [2]  5/23 8/18
between [1]  8/6
big [2]  18/2 18/3
bigger [1]  3/21
bill [6]  3/19 6/19 6/20 7/1 7/1 15/1
binding [3]  7/20 15/8 16/13
bold [2]  21/2 21/4
both [1]  13/13
bound [3]  15/4 19/4 21/15
Brickell [1]  1/15
brief [1]  3/10
briefly [1]  19/24
bring [2]  17/19 18/9
bringing [1]  17/1
brings [1]  17/16
brought [1]  17/21
burden [11]  7/10 7/15 7/18 7/21 9/9 10/4
 10/7 10/8 12/23 12/24 21/18
business [1]  9/17
buy [1]  15/1

**C**

came [1]  14/7
can [9]  3/11 3/17 3/19 5/20 5/21 7/12 8/5
  13/16 15/23
can't [2]  3/18 18/16
cannot [1]  19/8
capital [3]  21/2 21/4 21/4
card [9]  3/12 6/22 10/11 10/17 11/6 21/1
  21/10 21/11 21/12
carefully [2]  10/12 21/21
Carnival [1]  5/18
case [44]
cases [11]  3/5 4/5 11/17 12/10 12/19 14/25
  15/24 18/4 21/20 22/6 22/7
cause [2]  11/20 18/11
cell [1]  15/1
certify [1]  23/13
change [3]  3/23 16/3 16/5
changed [11]  8/13 8/13 9/1 9/18 9/19 9/25
  10/3 11/21 11/22 12/2 12/3
changes [2]  4/14 18/25
cheaper [1]  6/1
check [9]  6/3 6/8 6/19 6/25 8/8 12/22 13/3
  13/15 22/19
check-in [3]  12/22 13/15 22/19
checked [2]  6/2 11/1
checking [1]  21/10
choice [7]  4/15 4/16 4/18 4/25 5/2 5/6 21/19
chose [1]  22/18
chosen [3]  4/18 5/2 8/19
circuit [15]  4/3 4/10 4/21 5/8 7/10 9/2 9/2
  9/6 10/2 16/12 19/17 20/8 20/23 22/6 22/14
circuits [1]  4/1
circumstance [1]  8/11
circumstances [1]  7/14
cited [4]  9/3 15/9 16/10 22/7
citizen [3]  17/1 17/16 18/8
CIV [1]  1/2
claim [1]  13/23
clause [40]
clause's [1]  11/23
clauses [4]  3/24 5/20 7/11 12/2
clear [1]  22/13
clearly [2]  9/8 17/7
clerk [2]  13/16 14/4
click [1]  12/12
client [3]  14/11 14/15 14/18
client's [1]  6/3
colleagues [1]  15/15
come [5]  6/12 6/15 8/23 17/20 22/8
comment [1]  20/6
commercial [1]  8/7
communicate [1]  19/22
communicated [14]  10/5 10/9 11/7 11/9
  11/20 13/7 13/12 15/5 15/22 16/4 16/7 19/2
  19/6 22/16
communicating [1]  19/13
companies [3]  5/17 5/18 8/7
company [1]  18/18
compared [1]  17/9
complaint [1]  23/9
completely [1]  17/4
concede [1]  14/9
concern [1]  17/8
condition [1]  6/21
conditions [12]  3/12 3/17 3/19 10/12 11/11

11/13 12/11 13/25 14/19 14/21 14/22 15/2
consider [4]  4/17 15/11 18/16 19/14
considered [1]  5/2
consumer [1]  6/5
consumers [1]  5/25
contained [1]  14/20
contract [4]  5/12 12/16 15/3 15/20
contracts [1]  21/15
controls [2]  22/21 22/24
conveniens [9]  4/8 4/13 4/24 7/12 8/16 13/9
  16/19 17/5 20/2
COOKE [3]  1/11 7/6 11/14
copy [1]  11/5
Coral [1]  1/19
corporate [2]  20/9 20/9
corporation [2]  9/15 17/17 17/22
correct [2]  3/1 5/16
correctly [1]  21/13
cost [1]  5/25
could [4]  6/7 13/13 13/19 16/22
couldn't [1]  5/17
counsel [6]  2/12 3/14 7/9 19/11 22/10 23/10
countries [1]  5/21
country [1]  17/3
couple [2]  7/6 19/24
court [24]
Court and [1]  7/16
Court's [2]  9/3 19/15
Courthouse [1]  23/18
courts [2]  4/2 21/22
cross [4]  3/17 3/19 7/1 13/19
crossed [1]  6/16
crossing [1]  6/18
CRR [2]  1/21 23/17
customers [1]  5/23

**D**

date [2]  21/6 23/17
deal [1]  12/7
dealing [5]  12/19 13/2 13/2 16/11 19/1
decided [1]  3/23
decision [11]  9/2 9/7 12/4 12/4 12/5 12/5
  13/11 18/6 19/15 19/20 20/12
decisions [2]  12/6 12/7
defendant [6]  1/17 8/4 8/4 9/11 18/13 19/11
defendant's [5]  2/11 17/2 17/8 19/12 20/9
defendants [1]  1/7 2/9 16/19
delete [1]  3/11
demonstrate [1]  17/13
denying [1]  3/4
deposition [3]  3/14 3/16 6/13
desk [3]  3/15 6/14 14/4
determine [2]  8/17 13/8
determined [3]  21/23 22/2 22/5
determining [1]  9/23
diane [4]  1/21 1/23 23/16 23/17
did [11]  12/9 12/22 13/5 13/9 18/23 19/16
  19/19 19/21 19/24 19/25 21/11
didn't [6]  12/17 12/17 13/25 14/2 14/3
  20/17
difference [1]  3/22
different [3]  14/7 14/10 20/2
Dimitrouleas [3]  9/5 11/14 18/23
Dimitrouleas' [1]  12/4
direct [1]  4/22
directly [2]  13/19 20/21
disagree [1]  3/12

discussed [1]  20/12
dismiss [8]  1/10 2/12 3/5 4/4 4/13 12/16
  19/25 20/25
dismissal [1]  21/24
dismissed [2]  20/5 23/4
dispute [1]  3/12
distinguishable [1]  2/25
distinguishes [1]  12/18
district [11]  1/1 1/1 1/11 9/16 9/25 10/1
  16/24 17/2 17/15 17/23 22/14
DIVISION [1]  1/2
do [20]  2/24 4/7 5/22 10/24 11/18 13/15
  14/6 15/10 15/11 15/24 16/2 16/15 16/18
  18/12 19/7 19/14 20/11 20/15 20/18 20/18
docket [3]  2/12 21/1 23/8
document [2]  14/20 14/23
documents [1]  10/16
does [4]  8/18 8/20 9/17 20/14
doesn't [7]  4/15 5/3 8/22 16/3 16/5 20/14
  21/9
doing [3]  4/2 4/4 20/1
don't [13]  2/3 3/1 7/16 11/1 11/2 13/18 14/5
  15/3 15/17 18/21 19/10 21/9 21/16
done [12]  6/10 6/10 6/24 8/7 10/14 10/15
  10/21 10/25 13/14 13/24 18/24 18/25
down [1]  17/20
drawn [1]  19/8
due [1]  16/21
during [1]  3/15
duty [1]  6/14

**E**

e-mail [7]  11/8 11/10 11/10 11/12 12/11
  12/13 14/21
e-mailed [1]  14/20
e-mails [4]  14/14 14/17 19/22 22/18
each [1]  12/9
early [1]  13/1
ECF [1]  2/12
eggs [1]  18/14
either [1]  2/23
Eleventh [14]  4/3 4/10 4/21 5/8 7/10 9/1 9/2
  9/6 10/2 16/12 19/17 20/8 20/22 22/5
eliminated [1]  11/25
else [2]  12/3 19/10
employer [1]  18/2
end [2]  15/3 18/15
enforceable [1]  22/16
entire [1]  9/17
entitled [3]  9/11 17/5 23/15
entry [3]  2/12 21/1 23/8
ESQ [2]  1/14 1/14 1/17
essentially [1]  21/22
et [1]  1/3
even [6]  7/22 11/3 12/10 15/3 18/1 19/14
ever [6]  9/25 10/13 11/4 11/5 11/13 12/22
every [3]  10/19 16/24 21/9
everyone [1]  2/2
evidence [3]  10/13 13/18 14/23
exception [1]  6/25
excuse [1]  7/5
exhibit [2]  10/10 20/25
explain [2]  4/9 6/15
explained [1]  6/24
exposure [1]  5/22
extensively [1]  3/10
extent [2]  22/6 22/7

**E**

extraordinarily [1]  7/12
extraordinary [1]  9/9

**F**

F.3d [1]  20/8
faced [1]  12/6
fact [8]  4/4 6/10 7/21 9/13 9/20 16/3 16/22
 20/13
factor [3]  3/4 17/4 19/13
factor's [1]  18/15
factors [32]
facts [4]  20/2 20/11 20/15 20/16
failed [1]  10/7
family [1]  21/7
favor [7]  16/19 17/4 17/9 17/14 17/16 17/20
 23/4
fax [1]  23/19
federal [3]  8/15 8/16 8/17
fell [1]  20/17
Ferguson [1]  23/18
filed [1]  2/22
filled [1]  21/12
Finally [1]  11/1
find [8]  14/12 15/18 16/15 16/16 16/17
 18/11 18/23 22/21
fine [1]  2/18
firm [1]  4/6
first [8]  5/13 7/7 7/10 10/8 12/14 13/4 13/11
 22/13
FL [4]  1/16 1/19 1/22 23/19
FLORIDA [6]  1/1 1/4 10/1 20/7 20/10
 20/14
flsd.uscourts.gov [1]  1/23
FNC'd [1]  7/23
followed [2]  9/4 18/7
foregoing [1]  13/12
foreign [6]  9/10 9/15 17/8 17/17 17/22
 22/15
form [8]  4/7 8/8 10/20 10/23 12/18 12/21
 12/22 12/23
forth [2]  8/7 9/10
forum [57]
forward [1]  14/6
found [3]  12/9 12/10 16/22
four [1]  14/19
four-page [1]  14/19
fraud [3]  5/5 5/9 5/10
fraudulent [2]  5/12 13/21
fraudulently [2]  5/14 5/15
free [1]  3/7
front [2]  3/15 6/14
fundamentally [1]  3/7
further [1]  22/25

**G**

Gables [1]  1/19
GABRIEL [2]  1/14 2/6
GARAY [2]  1/14 2/6
gave [1]  14/1
get [8]  7/7 7/25 11/23 12/17 12/18 15/17
 18/16 19/14
Getting [1]  12/21
give [6]  2/3 8/11 10/11 13/5 14/3 14/6
given [5]  12/21 13/21 13/24 14/13 19/14
go [11]  8/19 8/22 11/18 14/5 14/21 16/8

16/17 19/4 22/25 23/1 23/2
goes [1]  10/19
going [10]  2/21 4/19 5/22 6/8 6/19 7/17
 7/18 8/20 10/11 23/4
Good [1]  2/2
got [5]  6/4 6/5 11/5 12/16 22/4
greater [3]  9/12 17/3 18/19
group [1]  21/8
guests [5]  3/11 3/16 5/23 10/9 10/10

**H**

had [17]  9/20 10/6 12/22 13/14 13/16 13/16
 14/9 14/23 15/10 16/16 18/1 18/3 20/10
 20/18 22/2 22/17 22/17
half [1]  13/24
hand [1]  17/17
has [34]
hasn't [1]  18/25
have [68]
haven't [1]  12/21
having [3]  5/24 9/13 12/8
he [6]  9/6 11/4 19/25 20/3 20/3 20/5
headquartered [1]  17/3
hear [1]  7/2
HEARING [1]  1/10
heavily [1]  21/17
heavy [1]  7/14
heightened [1]  21/18
held [1]  17/15
her [7]  6/13 10/21 11/7 11/10 13/3 13/4
 13/5
here [14]  2/24 3/9 5/17 5/22 7/13 9/13
 12/25 17/6 17/20 18/10 20/7 20/17 21/12
 22/12
hereby [1]  23/13
high [2]  7/12 9/9
his [3]  9/6 18/6 20/12
HOLMAN [1]  1/17 2/10 12/19
Honor [14]  2/7 2/10 2/14 2/16 2/20 2/21 3/3
 3/25 6/9 6/10 8/11 15/13 18/21 20/20
HONORABLE [1]  1/11
hope [1]  16/20
hotel [6]  6/3 6/6 12/17 14/2 18/2 22/19
hotel's [1]  14/4
how [1]  19/8
Hoy [1]  9/5 17/25
Huck [2]  12/6 13/4
Huck's [1]  13/1
husbands [1]  20/21

**I**

I'm [10]  2/21 3/1 7/16 7/17 10/11 14/16
 15/16 15/16 19/20 20/9
important [2]  2/25 4/9 18/5 20/3
importantly [1]  21/13
impunity [13]  3/8 8/12 9/24 10/7 11/21
 12/8 13/6 13/14 15/23 15/23 16/11 16/16
 19/2
inaccurate [1]  18/20
include [1]  5/20
including [4]  9/8 9/17 16/10 18/7
inconsequential [1]  20/10
incorrect [1]  16/21
indicated [3]  3/16 20/8 20/21
indicating [2]  12/22 19/18
inserted [2]  5/12 5/15
insist [1]  6/18

instance [2]  6/1 10/8
instead [2]  5/20 5/23
intents [1]  6/22
interest [13]  5/1 7/22 9/12 16/25 17/4 17/10
 17/12 17/13 18/1 18/3 18/9 18/19 21/21
interests [2]  4/17 23/3
INTERNATIONAL [1]  1/6
internet [1]  10/23
involved [2]  6/12 17/22
involves [1]  21/18
involving [1]  18/4
is [96]
isn't [3]  3/21 15/21 21/24
issue [11]  3/13 9/9 11/19 13/9 16/13 16/14
 16/25 19/1 19/17 19/20 19/20
issues [1]  3/16
it [95]
it's [5]  4/19 7/14 16/15 21/16 22/13
its [1]  9/17
itself [2]  5/12 21/1

**J**

Jordan [2]  9/6 18/6
Jordan's [2]  12/5 17/25
Jr [1]  23/18
judge [28]
judges [4]  9/7 17/15 18/7 18/24
June [1]  3/14
jurisdiction [2]  8/15 17/14
just [9]  2/3 2/18 6/7 11/15 14/21 14/25
 16/17 19/21 19/23

**K**

keep [1]  18/17
KERZNER [4]  1/6 3/2 3/3 20/13
key [1]  4/14
knew [1]  14/4
know [17]  3/1 4/19 4/25 5/18 6/14 10/15
 10/20 11/1 11/3 11/7 12/14 14/5 15/4 21/14
 21/16 21/18 21/23
Krenkel [1]  4/10

**L**

language [3]  15/5 15/7 15/8
large [4]  5/17 9/16 18/1 21/20
largely [2]  21/21 22/8
last [1]  19/15
law [12]  3/23 4/18 5/2 7/24 15/19 15/25
 16/10 17/9 17/12 18/20 19/9 22/14
lawsuit [3]  17/23 17/24 18/10
least [1]  9/1
leave [2]  8/9 23/8
legal [1]  22/11
lengthy [1]  15/2
let [7]  6/8 7/2 7/4 7/6 8/1 11/9 19/11
letters [3]  21/2 21/4 21/4
like [5]  2/16 8/3 20/17 20/20 20/24
likewise [1]  20/23
limit [1]  5/22
line [3]  10/16 14/25 14/25
list [1]  17/15
listed [1]  14/23
lists [1]  21/8
litigating [1]  5/24
loaf [1]  13/25
located [2]  6/7 17/22
long [3]  14/24 14/25 17/15

Vanderham vs. Kerzner                                                27

**L**

longer [2]  22/4 22/9
look [2]  21/2 21/5
LTD [1]  1/6
luxury [1]  8/20

**M**

made [2]  2/22 5/10
mail [7]  11/8 11/10 11/10 11/12 12/11
 12/13 14/21
mailed [1]  14/20
mails [4]  14/14 14/17 19/22 22/18
make [3]  2/24 8/22 13/11
making [1]  6/17
MALTZMAN [1]  1/18
manager [1]  6/14
mandatory [1]  14/1
MARCIA [1]  1/11
MARILYN [2]  1/3 21/11
Marine [31]
market [1]  18/3
marketing [6]  20/7 20/9 20/10 20/13 20/14
 20/18
Massa [6]  3/2 3/4 3/6 3/9 9/5 12/5
matter [4]  6/9 13/22 19/8 23/15
matters [1]  7/6
may [7]  2/15 7/1 7/4 11/4 11/20 15/2 15/3
me [12]  2/3 6/2 6/8 7/2 7/4 7/5 7/6 8/1 11/9
 19/11 22/25 23/7
meet [1]  10/7
members [1]  21/7
memorandum [1]  10/17
merits [2]  4/16 5/1
met [4]  7/18 7/21 12/24 12/25
MGC [1]  1/2
MIAMI [7]  1/2 1/4 1/16 1/22 1/22 23/18
 23/19
microphone [1]  2/19
mikes [1]  2/3
Mile [1]  1/18
miller [4]  1/21 1/23 23/16 23/17
minimal [1]  17/9
Miracle [1]  1/18
misrepresentation [1]  13/22
modified [3]  4/8 4/13 4/25
moment [1]  2/3
money [1]  5/24
Moreno [3]  11/14 19/24 20/11
Moreno's [1]  12/5
morning [1]  2/2
most [2]  7/14 19/24
motion [7]  1/10 2/11 3/5 4/4 4/12 12/16
 20/25
motivating [1]  3/4
move [2]  11/24 13/8
Mr. [3]  4/5 12/19 21/11
Mr. Holman [1]  12/19
Mr. Parks' [1]  4/5
Mr. Vanderham [1]  21/11
Mrs. [2]  10/21 12/14
Mrs. Vanderham [2]  10/21 12/14
much [5]  6/7 15/11 22/10 23/6 23/10
must [2]  8/11 11/11
my [8]  6/3 6/19 6/23 7/1 7/1 15/5 15/15
 21/8

**N**

name [2]  21/6 21/11
names [1]  21/7
need [2]  5/19 23/7
needs [1]  8/5
negotiated [1]  8/6
never [12]  6/15 7/25 8/13 8/13 8/25 9/18
 9/25 10/21 11/1 11/21 11/22 14/21
next [1]  10/18
no [24]
Nolton [1]  9/7
non [6]  4/8 4/13 4/24 4/24 7/11 8/6 8/16
 13/9 16/18 17/5 20/1
non-negotiated [1]  8/6
none [2]  13/14 14/10
nonlawyer [1]  6/5
nonnegotiable [1]  6/23
North [1]  23/18
not [39]
not address [1]  19/16
nothing [8]  11/13 12/3 12/12 13/13 16/2
 20/10 20/18 20/18
notice [1]  12/15
notwithstanding [1]  9/13
now [9]  6/12 7/25 8/10 10/2 10/11 13/8 15/6
 15/12 19/14
nowhere [3]  10/22 10/22 10/23
number [6]  2/12 4/5 11/2 18/7 20/25 23/8

**O**

object [1]  15/23
obtained [2]  5/14 14/11
obtaining [1]  5/5
obviously [2]  6/19 18/11
occur [1]  20/17
occurred [1]  20/19
off [2]  3/19 7/1
office [1]  20/17
offices [1]  9/16
Official [2]  1/21 23/17
older [2]  21/20 22/7
once [3]  8/16 11/23 16/15
one [6]  3/18 4/3 4/15 7/12 11/2 20/22
only [9]  6/16 6/16 6/21 7/12 8/23 9/19
 11/22 18/22 18/22
operating [1]  10/3
operations [1]  5/19
opinion [6]  9/5 9/7 9/25 10/2 18/1 18/6
opinions [1]  22/9
opportunity [13]  8/12 10/6 12/8 13/5 13/5
 13/21 14/3 14/6 14/13 16/16 19/3 19/7
 22/18
opposing [1]  7/8
order [1]  18/9
other [4]  6/17 10/1 17/18 21/12
otherwise [2]  3/19 16/7
our [6]  2/22 5/7 10/17 20/12 20/24 20/25
out [18]  3/10 3/17 3/22 5/8 6/7 6/16 6/18
 7/17 7/23 8/22 9/21 13/17 13/19 19/23 20/6
 20/20 20/24 21/12
outweighs [2]  17/2 18/9
over [6]  5/24 6/13 6/15 17/8
overreaching [2]  5/9 5/10
own [2]  3/10 14/4

**P**

P-R-O-C-E-E-D-I-N-G-S [1]  2/1

P.L [1]  1/15
page [1]  14/19
PAGES [1]  1/7
papers [1]  2/22
paragraph [1]  10/18
paraphrasing [1]  21/22
PARKS [3]  1/14 1/15 2/6
Parks' [1]  4/5
particular [2]  15/20 16/14
particularly [4]  8/5 9/14 9/15 17/22
PARTNERS [1]  1/18
party [1]  3/7
passed [1]  5/25
pay [4]  3/18 6/18 6/20 7/1
paying [1]  18/8
pending [2]  17/23 17/24
people [4]  5/21 6/10 6/24 15/23
period [1]  13/14
person [8]  7/13 8/8 11/2 11/4 11/15 12/22
 21/6 21/10
personal [1]  22/19
personnel [1]  3/15
phone [1]  15/1
phrased [1]  19/21
place [1]  23/1
plaintiff [18]  1/14 2/5 7/3 8/12 8/18 8/19
 8/20 9/10 9/22 9/24 10/6 12/8 13/1 13/7
 19/2 19/4 19/6 22/17
plaintiff's [6]  3/9 3/14 4/15 5/4 13/22 21/19
plaintiffs [9]  1/4 11/20 13/13 16/4 16/19
 17/5 17/11 17/13 22/17
planet [1]  5/24
Plantation [1]  20/17
play [1]  8/24
Plaza [1]  1/15
please [2]  7/4 10/11
podium [2]  2/17 2/18
point [11]  2/25 3/10 3/22 6/4 6/5 7/17 19/23
 20/3 20/6 20/20 20/24
pointed [1]  5/8
points [1]  19/24
policies [1]  14/4
policy [3]  10/18 11/6 14/5
portion [1]  22/9
portions [1]  3/11
post [3]  15/12 15/15 15/25
post Marine [1]  15/12
pre [2]  11/16 16/1
prepared [1]  2/13
previous [1]  4/5
primarily [1]  7/7
print [2]  21/6 21/7
prior [2]  4/1 22/13
private [15]  4/17 5/1 8/21 8/22 9/22 11/25
 12/1 15/11 16/7 18/13 21/21 21/24 22/3
 22/4 22/8
procedure [2]  8/2 10/9
proceed [4]  2/13 2/15 7/13 9/11
proceedings [2]  23/11 23/14
process [2]  6/12 9/18
pronunciation [1]  3/2
proof [1]  10/24
proper [1]  23/5
provided [1]  17/10
providing [1]  17/13
public [16]  7/22 8/23 8/25 9/8 11/25 16/8
 16/17 16/18 16/23 17/13 17/19 18/15 19/5

**P**

public... [3]  21/25 22/1 23/3
purpose [1]  8/15
purposes [1]  6/22
put [1]  18/13

**Q**

question [5]  12/7 13/17 17/6 19/5 19/12
questionable [1]  4/20
questions [1]  7/8
quickly [1]  19/23
quote [2]  3/6 3/21
quoting [1]  20/9

**R**

Racks [2]  9/10 18/6
raised [1]  19/21
rates [1]  6/1
rather [1]  21/20
reach [1]  23/7
read [10]  2/23 6/3 10/12 12/23 13/16 14/2
 15/3 21/3 21/14 21/20
reap [1]  5/23
reason [3]  3/13 17/21 22/25
reasonably [5]  13/12 15/5 15/22 19/13
 22/16
reasons [2]  5/12 22/22
received [1]  12/15
recently [1]  19/24
record [4]  2/4 8/9 10/13 10/22
records [1]  11/3
reference [1]  12/2
refuse [1]  6/20
regarding [2]  20/6 21/18
registration [9]  3/11 3/20 6/22 9/18 10/11
 10/17 10/23 11/5 21/1
reject [13]  3/8 9/24 10/6 11/21 12/8 13/5
 13/13 14/3 14/13 16/7 16/16 19/3 22/18
rejected [2]  8/12 16/23
rejecting [1]  16/11
rejection [1]  19/1
release [3]  10/18 11/5 21/3
relied [4]  3/3 12/19 20/3 22/7
rely [3]  19/18 19/25 21/17
remaining [1]  14/22
remember [1]  4/10
repeat [1]  2/21
reply [2]  5/7 20/12
REPORTED [1]  1/21
Reporter [2]  1/21 23/17
required [3]  12/12 13/15 21/25
requires [1]  12/12
resisting [1]  3/7
resort [2]  9/14 18/19
resorts [1]  18/4
respect [1]  16/21
respectfully [1]  13/11
response [1]  3/10
retaining [1]  17/14
reverse [1]  10/12
right [6]  2/4 7/2 8/10 21/2 21/13 22/10
RMR [2]  1/21 23/17
ROBERT [3]  1/14 1/15 2/6
room [2]  6/1 10/20
ruled [5]  4/10 4/21 16/24 20/21 20/23
ruling [5]  3/1 3/6 4/22 9/3 22/8

**S**

S-M-E [1]  21/17
S-M-K [1]  21/16
safety [1]  18/4
said [28]
same [5]  4/14 12/25 17/23 17/25 20/13
savings [1]  5/25
say [7]  6/7 7/18 10/19 13/14 15/14 15/24
 21/22
say that [1]  7/18
saying [1]  8/21
says [11]  6/18 9/3 10/10 10/18 15/19 15/25
 16/6 16/9 21/2 21/7 21/13
second [2]  4/16 10/16
Secondly [1]  10/15
sector [2]  8/21 8/22
sectors [1]  19/5
see [2]  11/11 14/22
seeing [1]  18/3
seems [1]  7/24
Seitz [1]  9/5
selection [37]
send [2]  18/17 18/17
sent [4]  11/10 12/11 13/25 19/22
sentence [1]  6/18
set [1]  9/9
severe [1]  7/14
she [4]  3/16 11/4 12/17 12/17
should [3]  7/22 10/20 23/2
show [2]  8/5 10/4
shown [1]  10/10
Shute [1]  5/18
side [1]  10/13
sign [6]  8/8 10/19 10/20 20/22 21/10 21/15
signature [3]  10/22 21/5 21/6
signed [4]  10/21 12/23 13/3 21/14
signing [3]  21/3 21/6 21/14
signs [2]  8/8 21/10
Similarly [1]  20/11
simple [1]  9/20
since [3]  3/22 19/18 22/21
situation [6]  8/6 9/21 14/7 14/10 17/19
 18/16
slightly [1]  20/2
slipped [1]  20/16
SME [1]  9/10 18/6
so [22]  2/18 4/11 5/14 5/19 5/20 6/2 6/21
 9/18 10/4 10/5 11/20 12/14 12/23 13/10
 13/13 15/4 15/14 15/23 18/21 19/6 21/25
 22/6
some [5]  4/1 5/5 5/19 7/17 14/23
someone [2]  6/12 20/16
sometime [1]  3/23
sons [1]  13/3
sorry [2]  3/1 14/16
sort [1]  5/5
South [1]  20/14
SOUTHERN [4]  1/9 9/16 16/24 17/2
speaking [1]  2/19
specific [2]  19/17 19/20
specifically [1]  7/7
spend [1]  5/24
split [1]  4/1
standard [2]  4/4 10/3
state [2]  8/9 10/1
stated [2]  17/7 22/23

statement [1]  18/20
states [13]  1/1 1/11 1/21 9/12 16/25 17/1
 17/10 17/16 17/17 17/21 17/25 18/8 23/17
States' [1]  17/12
stay [1]  13/20
stayed [1]  14/9
staying [1]  10/20
STEVE [2]  1/17 2/10
still [8]  8/4 8/11 10/4 15/8 16/12 16/14 18/9
 19/13
stood [1]  6/3
strong [1]  17/12
stronger [1]  15/11
strongly [1]  14/12
subject [1]  13/22
substantial [1]  9/17
such [1]  9/21
sued [4]  5/21 6/6 6/6 9/16
suggest [3]  7/16 13/11 18/21
suggesting [2]  15/16 15/17
suing [1]  9/10
suit [3]  17/16 17/19 17/20
Suite [2]  1/15 1/19 23/18
support [1]  7/17
supposed [2]  10/9 10/24
supreme [2]  19/14 22/3
sure [2]  12/17 12/17
system [1]  8/16

**T**

take [2]  8/9 13/17
talk [1]  15/5
tax [1]  18/8
telephone [1]  15/1
tell [3]  13/25 14/2 15/14
telling [1]  6/2
term [1]  6/21
terms [14]  2/3 3/17 3/19 10/12 11/11
 11/12 11/19 12/11 13/25 14/19 14/20 14/22
 15/2 21/15
test [3]  8/25 9/22 11/25
testified [1]  6/23
testimony [1]  6/13
testing [1]  11/23
than [2]  9/13 15/11
thank [5]  2/20 6/7 22/10 23/6 23/10
that [179]
that's [13]  2/24 3/18 5/9 6/21 6/22 8/9 12/1
 12/1 13/10 16/1 16/8 19/8 23/2
their [11]  4/16 4/25 5/22 7/11 7/18 7/21
 10/7 17/9 18/4 18/14 22/8
theirs [1]  12/24
them [18]  2/23 2/23 3/17 11/1 11/2 11/10
 13/13 13/24 13/25 14/1 14/1 14/2 14/3
 14/20 15/4 15/4 19/22 21/20
then [14]  4/12 6/17 8/17 10/19 11/24 14/6
 16/7 16/17 18/12 18/14 19/7 21/5 21/7 21/8
there [38]
therefore [3]  4/22 13/6 17/11
these [4]  4/1 6/23 14/25 15/2
they [69]
thing [5]  6/16 9/19 12/25 17/25 20/13
things [1]  5/7
think [3]  7/17 15/19 16/21
third [1]  4/17
this [57]
those [11]  3/5 9/7 11/16 12/7 12/10 14/11

Vanderham vs. Kerzner

29

## T

those... [5]  21/20 22/3 22/7 22/9 22/23
though [2]  12/10 18/1
thought [1]  7/8
three [7]  4/8 4/9 4/14 12/10 14/14 14/17
 19/22
through [4]  4/13 8/1 11/23 22/18
time [3]  8/8 12/14 13/15
today [2]  15/8 16/12
told [4]  10/19 11/2 13/18 13/20
took [2]  3/14 9/21
top [2]  21/2 21/13
totally [2]  14/7 14/10
tourist [2]  9/14 18/3
trained [1]  11/5
trains [1]  3/15
TRANSCRIPT [1]  1/10
transcription [1]  23/14
travel [2]  12/18 12/19
true [1]  18/5
try [1]  6/25
Tuite [9]  3/2 3/4 3/9 9/4 12/4 15/6 15/8
 15/10 20/21
Tuite is [1]  15/8
turned [3]  6/15 11/3 21/21
two [4]  5/7 8/7 12/10 13/3
types [1]  14/25

## U

U.S [1]  23/18
unaware [1]  19/20
under [14]  4/4 4/7 4/11 4/22 7/14 8/21 9/1
 10/3 17/5 18/15 19/4 20/1 21/24 22/2
understand [1]  8/2
unfair [1]  3/7
uniformity [1]  5/19
UNITED [13]  1/1 1/11 1/21 9/12 16/25
 17/1 17/10 17/12 17/16 17/17 17/21 18/8
 23/17
unlike [1]  3/9
unquote [1]  3/21
until [1]  15/17
up [2]  8/22 11/3
upon [1]  22/13
upper [1]  17/17
urge [2]  14/12 18/22
us [3]  2/16 12/21 16/11
use [2]  2/16 4/23
utilized [1]  7/13

## V

valid [25]
validity [3]  9/23 11/23 16/22
validly [2]  13/7 19/8
Van [2]  9/5 17/25
VANDERHAM [4]  1/3 10/21 12/14 21/11
Vanderham's [1]  21/11
Vanderhams [2]  7/20 14/12
various [1]  5/25
Vasquez [1]  20/8
venue [1]  4/18
version [1]  4/25
very [16]  6/7 7/8 7/14 9/4 9/8 10/12 10/16
 10/18 17/7 18/14 19/23 19/23 21/13 22/10
 23/6 23/10
view [1]  22/11

virtually [1]  16/24

## W

walk [1]  8/1
want [4]  2/24 14/22 19/23 20/6
warranted [1]  21/24
was [42]
wasn't [3]  10/15 10/21 15/7
way [1]  18/15
ways [2]  4/8 4/9
we [35]
weigh [5]  4/15 16/19 17/9 17/14 23/3
weighs [1]  17/4
weight [2]  4/16 5/1
well [8]  3/9 4/5 5/13 9/4 10/20 13/16 21/20
 21/23
went [3]  5/5 9/6 16/23
were [7]  4/2 4/3 4/3 4/5 10/23 14/12 20/16
weren't [5]  11/16 13/20 13/21 14/14 14/17
what [10]  5/4 7/17 8/2 8/9 11/2 13/14 13/24
 15/10 15/16 19/12
whatever [1]  15/2
when [7]  11/22 11/24 12/16 14/1 14/7 15/1
 21/20
where [12]  5/22 8/3 9/15 9/15 10/19 10/24
 11/15 13/10 17/22 19/20 21/14 23/2
wherever [1]  6/6
whether [4]  9/23 11/4 11/19 13/8
which [18]  7/8 8/6 9/3 9/4 9/17 10/2 10/9
 10/10 12/18 13/4 13/9 14/20 17/3 17/23
 18/16 18/20 21/11 23/8
who [7]  3/15 6/16 11/1 12/22 13/2 16/24
 17/16
whoever [1]  11/4
why [1]  2/24
Wilkie [1]  23/18
will [6]  3/5 4/18 6/12 6/14 6/16 21/25
window [1]  8/22
without [2]  4/25 17/6
wives [1]  20/21
woman [4]  3/15 6/13 6/23 13/2
won't [1]  7/1
words [1]  6/23
world [1]  5/21
worldwide [1]  5/19
would [15]  2/16 13/17 13/19 14/5 14/7
 14/10 15/4 15/14 16/21 18/21 18/22 18/22
 20/20 20/24 22/6
wouldn't [1]  16/20
wrong [1]  15/15
wrote [2]  9/4 12/7

## Y

yes [5]  2/14 3/25 6/9 11/18 15/2
yet [1]  2/3
you [93]
your [22]  2/6 2/10 2/14 2/16 2/20 2/21 2/25
 3/3 3/25 6/3 6/9 6/10 8/1 14/14 14/17 15/1
 15/7 15/8 15/13 16/10 18/21 20/20
yourself [2]  9/8 18/8

## Z

zero [1]  12/13